CITY OF RANGER et al. v. GHOLSON et al.

No. 2005.

Court of Civil Appeals of Texas. Eastland.

April 12, 1940.

Rehearing Denied June 7, 1940.

Earl Wyatt, of Amarillo, for appellants.
Levy & Evans, of Fort Worth, for appellees.

LESLIE, Chief Justice.

The City of Ranger, a municipal corporation, instituted this suit against Howard R. Gholson, administrator, and Mrs. John M. Gholson, to recover on the obligations of paving certificates and to foreclose such liens. From a judgment in favor of the defendants the plaintiff and an intervener appeal. The court filed findings of fact and conclusions of law.

The parties will be referred to as in the trial court.

The original petition was filed by the City of Ranger July 5, 1934, and it alleged fully the origin and nature of the obligations in suit and the fact that such indebtedness was owned by the Real Estate Land Title & Trust Company, Trustee, "as owner and holder of said certificates * * *"; that plaintiff had been "requested to exercise its charter powers to enforce the payment of the amount due thereon as aforesaid and suit has been instituted thereon * * *", including "reasonable attorney's fees" stipulated for and alleged to be $250. The cause of action was presented strictly in behalf of the Trust Company and based solely on the obligations arising out of the paving assessments, etc.

The same date, July 5, the Trust Company filed what it denominated a plea of intervention. This pleading referred briefly to the plaintiff's original petition, adopted the allegations of the same, and claimed the benefit of any recovery that might be had thereon. Its prayer was that "judgment be rendered in this cause in favor of the City of Ranger * * * for the use and benefit of the intervener * * *."

Thereafter, on September 20, 1937, the Land Title Bank & Trust Company, Trustee (formerly the Real Estate Land Title and Trust Company), filed what it denominated an "Amended Plea in Intervention." In the first division thereof it alleged, in substance, the same cause of action and the only one presented in the plaintiff's original petition, namely, one based on the assessments, ordinance and paving certificates, etc. In addition to the re-statement of such original cause of action, the Land Title Bank and Trust Company, Trustee, for the first time, alleged a cause of action based upon a mechanics lien contract executed by said John M. Gholson and said wife on March 8, 1928. By this contract the Gholsons agreed to pay W. E. Burke, or his assigns, the "sum as evidenced by said certificates" etc. The indebtedness evidenced by the paving certificates accrued as per ordinance as of July 17, 1928. The "obligations" covered by the mechanics lien contract were alleged to be "cumulative of such assessments and certificates * * *."

From July 5, 1934, when plaintiff's original petition and the first plea in intervention by the Trust Company were filed, down to January 10, 1939, the cause remained upon the docket of the 91st District Court of Eastland County. On the last named date the judge of the 88th District Court, sitting for the 91st District Court, discovering the disqualification of the judge of the 91st District Court to try the case, transferred the cause to the docket of the 88th District Court. During the pendency of the cause in the 91st District Court, the judge of that court was related within the prohibitive degree to the defendants, thereby preventing his making any valid orders pertaining to the cause. During this period of time the pleas in intervention appear to have been filed. About March 2, 1939, the defendants made a motion to strike both pleas in intervention on the ground that they had been filed without permission of a judge qualified to grant such permission for the above reasons. After the respective litigants filed pleadings defining such issue, the trial court (88th District Court) on March 3, 1939, struck out, for the reasons given, the pleas in intervention filed, respectively, July 5, 1934, and September 20, 1937. To this action of the court no exception was taken by the intervener, Land Title Bank and Trust Company, but it immediately requested the court's permission to refile in that court the pleadings stricken out. The court granted such permission, and the pleading was re-filed as of March 3, 1939.

Certain issues presently to be considered must determine the intervener's right on this pleading filed as of that date (March 3, 1939). In the meantime, the defendant, Mrs. John M. Gholson, presented her defenses alleging non-liability under the assessment and paving certificate, coverture, homestead, limitation of two and four years. Howard R. Gholson, individually and as administrator, answered by general demurrer, general denial, specially pleaded two and four years' statutes of limitation and that cause had become extinguished when last filed, etc.

The trial court denied plaintiff and intervener any recovery on different grounds, as may be seen from the findings of fact and conclusions of law. These reasons we have carefully examined.

■ As to Mrs. John M. Gholson, the the testimony shows that long prior to the creation of the obligations in suit and at the date of the same, she was a married woman, the wife of John M. Gholson, and that she and her said husband lived together for many years continuously until

the death of John M. Gholson April 20, 1932, and occupied said property as their family homestead. It conclusively appears that she was not personally liable on the paving certificates sued upon because the amount of such certificates was not assessed against her but was assessed against John M. Gholson as the owner of the property.

■ Under her plea of coverture it is equally certain that she had no personal liability on the written or mechanics lien contract of date March 8, 1928.

■ As for Howard R. Gholson in his individual capacity there was no personal liability against him on either the paving assessments and certificates, or the mechanics lien contract, for the reason that no liability was attempted to be assessed or fixed against him by the assessment and certificates, and he was not a party to the March 8th contract.

■ Since the original plea in intervention (July 5, 1934) and the amended plea (September 20, 1937) in lieu thereof were stricken out March 3, 1939, no exception taken to that ruling, and said amended plea re-filed on the same date, it follows that Howard R. Gholson's individual plea of limitation of four years was then valid against any claim thereby asserted by the intervener and based on the mechanics lien contract of March 8, 1928. The same was true of Mrs. Gholson.

Stated somewhat differently and more fully: While the last installment, or coupon had been due since July 17, 1932, no claim was ever presented to the administrator until June 21, 1937, and it was rejected by him June 23, 1937. Said amended plea in intervention filed September 20, 1937, alleged for the first time a presentation and rejection of the claim by the administrator who, as stated, qualified as such immediately after the death of his father, April 20, 1932. This amended plea, for the first time setting up the written contract (mechanics lien) of March 8, 1928, was stricken out on March 3, 1939. Whether the trial court properly or improperly struck out the amended plea in intervention, to which action no exception was taken, the intervener's right of recovery on that contract must be tested by this pleading re-filed March 3, 1939. On that date the cause was in effect re-instituted by permission of the court on the voluntary request of the intervener. Certainly it was then barred by the plea of four years limitation being urged as a defense and that is true whether September 20, 1937 (date amended plea in intervention was filed), or March 3, 1939 (when stricken out and re-filed), be considered the date of the intervener's institution of the present cause of action based on the mechanics lien contract.

■ Further, on March 3, 1939, after the cause was re-filed, the claim was, as against the administrator, extinguished because suit was not filed within 90 days after the rejection of the claim June 23, 1937. Art. 3522, R.S.1925.

■ The conclusion just announced is based upon our further conclusion that the subject matter of the suit was a claim for money against an estate within the contemplation of Art. 3509, R.S.1925; Anderson v. First Nat. Bank of El Paso, 120 Tex. 313, 38 S.W.2d 768; and Jaye v. Wheat, Tex.Civ.App., 130 S.W.2d 1081, 14 Tex.Jur. p. 28, sec. 282, et seq; Art. 3522, supra.

As stated in the outset, the allegations of the original petition filed by the City of Ranger amply presented the cause of action in behalf of the so-called intervener. That pleading was never stricken out but remained as the basis for the adjudication of the rights of the respective litigants. The decree is sufficiently supported by such allegations and the court's findings are sustained by the testimony.

While we have some doubt that the trial court properly struck out the amended plea in intervention on the grounds stated, nevertheless intervener's rights being fully presented by the plaintiff's pleadings, this action of the trial court becomes immaterial, certainly not controlling in the disposition of this appeal. Hence we find it unnecessary to determine the true legal effect of this ruling of the trial court, especially since no exception was taken to the same and the pleading was re-filed.

For the reasons assigned the judgment of the trial court is affirmed.

### On Rehearing.

In response to the appellants' motion for rehearing we write briefly on a suggested proposition found therein.

■ As to the appellants' right to re-file the suit March 3, 1939 and escape the pleas of limitation, we think that Art. 5539a has no application, because the court

in which the suit was filed each time had jurisdiction of the same. In other words, at no time was there a "want of jurisdiction of the Trial Court in which such action" was filed, as stated in the statute.

Article 5539b, Vernon's Ann.Civ.St., does not benefit the appellants. The cause of action evidenced by the paving assessment to which the plea of two years limitation applies, grows out of a "distinct or different transaction and occurrence" from that evidenced by the written contract or mechanics lien of date March 8, 1928 (set up in "amended plea in intervention" for the first time, September 20, 1937) to which cause of action four years limitation applies.

The motion for rehearing is overruled.