## BERRY L. HAM v. JOHN TAYLOR.

A new trial will not be granted, on the ground of after discovered evidence, which, at most, would be receivable only in mitigation of damages.

APPEAL from Navarro. Tried below before the Hon. R. A. Reeves.

Suit by appellee, to recover damages for an assault and battery, committed upon him by the appellant. From the statement of facts, it appeared that there was no contradiction in the testimony, and that the appellee committed a severe and violent battery upon the appellant; he inflicted severe wounds upon his head, some of which cut to the skull, in a triangular form, and from their appearance, seemed to have been made by some sharp instrument. The court gave a full and clear charge to the jury, of considerable length, to which no objection appeared to have been made, except in the motion for a new trial; and also gave the only charge asked for by the appellant. There was a verdict and judgment for $505, in favor of the appellee.

The appellant moved for a new trial, on the following grounds : 1st. The charge of the court is not sufficiently explicit, and in consequence thereof, the jury was led to improper conclusions. 2d. The verdict was contrary to law and evidence. 3d. The verdict was not sustained by the evidence. 4th. The damages are excessive and oppressive. 5th. Newly discovered evidence, by which appellant would be able to prove that appellee used insulting language to him, disputing his word in a positive and insulting manner, before appellant committed the assault upon him.

The motion was overruled by the court, and the refusal to grant the new trial, was the only error assigned.

*G. L. Martin*, for appellant.

*C. M. Winkler*, for appellee.

15

WHEELER, CH. J.   There was manifestly no error in over-ruling the motion for a new trial.   There can be no just pretense that the damages were excessive.   Nor will a new trial be granted, on the ground of newly discovered evidence, which, at most, could be received only in mitigation of damages.   Judgment affirmed.

Judgment affirmed.