Missouri, Kansas & Texas Railway Company of Texas v.
W. B. Gist.

Decided March 21, 1903.

**1.—Carriers of Passengers—Negligence Per Se—Ticket Office Not Open.**

Plaintiff was at the railway ticket office when the trains arrived, but as the agent was not there, as required by the statute, being out on the platform looking after baggage, plaintiff went to the train without a ticket and was refused admission by the conductor, who told him to return to the office and get a ticket, but started the train before plaintiff could again reach it with the ticket, and plaintiff sustained injury in attempting to get aboard. Held, that it was not error for the court to charge that such failure to keep the ticket office open for thirty minutes prior to the departure of the train, and the starting of the train before plaintiff had a reasonable time in which to return to it with a ticket, constituted negligence. Rev. Stats., art. 4952.

**2.—Same—Proximate Cause.**

Such two acts of negligence must together be held to have been the proximate cause of plaintiff's injury, and it is therefore immaterial that neither one of them alone constituted such proximate cause.

**3.—Contributory Negligence—Burden of Proof—Charge.**

Plaintiff's evidence not showing prima facie that his injuries were the result of his own contributory negligence, it was not error for the court to charge that the burden of proving contributory negligence was on the defendant, and such charge was not objectionable as not making it clear that plaintiff's evidence was to be considered on this point where from other paragraphs on the same issue the jury must have understood that they were to consider all the evidence.

**4.—New Trial—Newly Discovered Evidence.**

Where the newly discovered evidence on account of which a new trial was asked was probably not true in the light of the other testimony, and at most could only have tended to reduce the amount of the recovery, it was not error to refuse a new trial.

Appeal from the District Court of Montague. Tried below before Hon. D. E. Barrett.

*Eldridge, Gardner & Midkiff,* for appellant.

*W. S. Jameson* and *J. M. Chambers,* for appellee.

SPEER, Associate Justice.—The evidence contained in the record warrants us in finding the following facts: On the morning of July 13, 1901, appellee went to appellant's depot, at Nocona, Texas, for the purpose of boarding appellant's east-bound passenger train for Gainesville, Texas, which train passed Nocona at 9 o'clock a. m. The ticket office was open some thirty or thirty-five minutes before the arrival of the train. Before the train pulled in the agent, according to his custom, left the office for the purpose of putting on the baggage and express. The train stopped at the usual place that morning and remained from three to five minutes. After the train whistled for the station, appellee went into the depot to purchase a ticket and found the office closed. He remained in there until the train pulled in and

stopped, and until he thought it had been there the usual time, when he went out and attempted to board it.. The conductor refused to allow him to board the train without a ticket. He told the conductor there was no one in the office to sell him a ticket, and was told to return to the office and get a ticket; that there would be a man there to wait on him. The conductor called to the agent, and the latter then returned to the office and sold appellee a ticket to Gainesville. As soon as appellee received his ticket he started for the train, which was then moving: On reaching it he found the gate closed and the conductor just inside, either on the top step or the platform. He seized hold of the gate and asked the conductor to "open the gate;" the latter said, "Let go;" appellee repeated once or twice, "Open the gate," when the conductor said, "I can't open the gate till you let go." Appellee then released the gate and caught hold of the rail on the front end of the car and the gate came open. The conductor took his extended hand, but failed to properly support him in his efforts to board, and appellee fell and was injured. The train was moving very slowly during all this time, and the appellee was not guilty of negligence in attempting to board it as he did. Appellee's injuries are permanent, and he is damaged to the extent of the verdict of the jury.

The court's charge was in part as follows, to wit: "2. If you find from the evidence that the plaintiff went into the defendant's office at Nocona within thirty minutes before the departure of said train for the purpose of purchasing a ticket with intent to take passage on defendant's train, and that the agent was not present in said office, and for that reason plaintiff did not purchase a ticket, and if he then went to the train and offered to board it, and if the conductor of said train directed or requested plaintiff to return to the office and procure a ticket, then it became the duty of said conductor to allow plaintiff a reasonable time in which to procure a ticket and return to said train before starting it, and if you find that the conductor started said train before plaintiff had time, by the exercise of reasonable diligence, to procure a ticket and return to and board said train, this would constitute negligence on the part of the defendant.

"3. Reasonable diligence means such diligence as an ordinarily prudent and diligent person would exercise under similar circumstances.

"4. If you find that after the conductor advised or directed plaintiff to return to the office and procure a ticket, if he did so, the conductor allowed plaintiff sufficient time, by the exercise of reasonable diligence to procure a ticket and return to and board the train before it started, then the starting of said train before the plaintiff got on it, would not be negligence.

"5. If you find from the evidence that the failure of the plaintiff to get aboard said train before it started was caused by the negligence of the defendant, and if the plaintiff attempted to board said train while it was in motion, and if in so doing he fell or was thrown down as alleged in the petition, and injured, and if his injury was caused by the

negligence of the defendant, and if he did not contribute to the bringing about of his injury by his own fault or negligence, you will find for the plaintiff.

"6.   It was the duty of the plaintiff to use ordinary care to avoid injury to himself.   Ordinary care means such care as a person of ordinary caution and prudence would exercise under similar circumstances, and a failure to exercise such care is negligence.

"7.   If you find that the plaintiff was injured while attempting to board a moving train, but if you further find that a person of ordinary prudence and caution, under the circumstances shown by the evidence, would not have attempted to do so, or if such a person under the circumstances in evidence would not have continued to try to board said train as long as plaintiff did, then the plaintiff can not recover, and you will find for defendant even though you should find that defendant was guilty of all the acts of negligence charged against it.

"8.   If you find for plaintiff you will assess his damage at such sum as you believe from the evidence will afford him a just and reasonable pecuniary compensation for the injury he has sustained, if any, taking into consideration, in fixing the amount, the physical pain he has suffered, if any, on account of his injury, and his diminished capacity to labor and earn money, if you find that his capacity so to do has been diminished, by reason of such injury.

"9.   You can not allow plaintiff anything for any injury or afflictions that he has, unless you believe from the evidence that they were caused by the negligence of the defendant.

"10.   If you should find that the defendant was guilty of negligence, this would not entitle the plaintiff to recover unless such negligence was the cause of plaintiff's injury, if he was injured.

"11.   The burden of proof is on the plaintiff to show that he was injured by the negligence of the defendant, and the burden of proof is on the defendant to show that plaintiff was guilty of negligence in attempting to board the train at the time and under the circumstances that he did."

The fourth and sixth assignments of error complain of paragraphs second and fifth of the foregoing charge.   Under these assignments counsel for appellant insist that whether it was negligence for appellant's agent not to be present in said office, and whether it was negligence on the part of appellant for its conductor to direct or request plaintiff to return to its ticket office and procure a ticket, and for the conductor to start the train before plaintiff had time to procure a ticket and board its train, was a question of fact for the jury to decide, and that the court should not have instructed that such facts constituted negligence upon the part of appellant.   While the question raised is by no means an unimportant one, we have concluded the assignments should be overruled.   It is of course elementary that controverted questions of fact are to be submitted to the decision of the jury.   Negligence is ordinarily such a question.   There are, however, certain well recog-

nized exceptions to this rule. First, where a duty is imposed by statute, and a nonobservance results in injury, the court may tell the jury that such failure constitutes negligence; second, where from the facts stated no inference can be drawn but that of negligence, it becomes a question of law, and the court may charge that such facts constitute negligence. Texas & P. Ry. Co. v. Laverty, 4 Texas Civ. App., 74, 22 S. W. Rep., 1047; Galveston, G. H. & S. A. Ry. Co. v. Matula, 79 Texas, 577, 15 S. W. Rep., 573; Houston & T. C. Ry. Co. v. Wilson, 60 Texas, 142; Sanchez v. San Antonio & A. P. Railway, 88 Texas, 117, 30 S. W. Rep., 431. In was the duty of appellant, made so by statute, to keep its ticket office open half an hour prior to the departure of its train. Rev. Stats., art. 4542. It was the duty of the conductor, after causing the appellee to return to the office for the purpose of procuring a ticket, to allow him a reasonable time in which to procure such ticket and return to the train before starting it. Texas & P. Ry. Co. v. Mayfield, 23 Texas Civ. App., 415, 56 S. W. Rep., 492. Under the facts of this case the acts of the conductor amounted to an agreement upon the part of the company to do as much. No other inference but that of negligence can be drawn from his conduct in not allowing appellee a reasonable time to return to the train. Indeed its conduct in refusing to receive him without a ticket can only be excused, if at all, upon the ground that he was afforded reasonable opportunity to procure a ticket and board the train. The law allows him full thirty minutes before the departure of his train. This the company did not give him, and there is perhaps force in the contention that in sending appellee away when he first applied for passage, the appellant violated a statutory requirement which would be negligence per se. Rev. Stats., art. 4494. But without deciding this question, we have already stated that it was the duty of appellant to wait a reasonable time to allow appellee to return and board its train before starting it, and the court committed no error when he instructed the jury that a failure to discharge this duty was negligence. Reasonable minds could not reach different conclusions upon that question. It follows then, that even though the failure of appellant to keep its ticket office open for the required time was not, as contended, the proximate cause of appellee's injuries, nevertheless the charge, presenting the two questions conjunctively, could not be erroneous. If a part of the acts enumerated constituted negligence, undoubtedly the whole would do so. But it is by no means clear to the writer that the failure of appellant to keep its ticket office open for the thirty minutes preceding the departure of its train was not a concurring proximate cause of appellee's injuries. But for this negligence the appellee would have boarded the train in safety, and the accident would not have occurred. But for the conduct of appellant's conductor in causing appellee to return to its office for a ticket, and in starting the train before he had had a reasonable time in which to return and board it, the injuries would not have occurred. All these acts of negligence concurred in bringing about the injuries. It may be that, standing alone,

neither was the sole efficient proximate cause, but that all combined were. Mills v. Missouri, K. & T. Ry. Co., 94 Texas, 242, 59 S. W. Rep., 874. In the case cited the court says: "Whether or not negligence of the defendant constituted a proximate cause of plaintiff's injury must be determined from a consideration of everything that happened. It would be a mistaken way of viewing the evidence to take separately each act or omission which may be found to have been negligent, and inquire if it alone constituted the proximate cause. The combined effect of all may be considered."

The tenth assignment of error complains of the charge of the court imposing upon appellant the burden of proof upon the issue of contributory negligence. This question seems of late to be a constantly recurring one. Certainly neither appellee's pleadings nor his evidence showed prima facie that he was guilty of contributory negligence, and it was therefore proper for the court to charge that the burden of proof upon such issue was upon appellant. Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152, 30 S. W. Rep., 902. Nor do we think the charge is subject to the criticism that it was calculated to confuse the jury and deprive appellant of the benefit of the defense of negligence arising out of appellee's evidence. It is upon this theory that some of the charges upon contributory negligence have been condemned. The charge of the court told the jury that "the burden of proof is on the plaintiff to show that he was injured by the negligence of the defendant," yet no one would contend that the charge on the whole did not make it clear that all the evidence was to be considered. So the charge informed them that "the burden of proof is on the defendant to show that plaintiff was guilty of negligence in attempting to board the train at the time and under the circumstances that he did," yet under the sixth and seventh paragraphs of the charge upon the same issue it is manifest the jury understood they were to consider all the evidence.

The newly discovered evidence upon the strength of which a new trial was sought was probably not true in the light of the other testimony, and at most could only have tended to reduce the amount of the recovery. Ham v. Taylor, 22 Texas, 225; Gulf, C. & S. F. Ry. Co. v. Brown, 16 Texas Civ. App., 113.

None of the assignments presents reversible error and all are overruled. The judgment is affirmed.

*Affirmed.*

Writ of error refused.