**Don M. RAINEY, Appellant,**

v.

**Everlyn Pearl McMILLIAN et al., Appellees.**

**No. 3167.**

Court of Civil Appeals of Texas

Waco.

July 15, 1954.

Rehearing Denied Sept. 23, 1954.

W. Jiles Roberts, Houston, for appellant.

Vinson, Elkins, Weems & Searls, Thos. B. Weatherly, L. J. Clayton, Houston, for appellees.

McDONALD, Chief Justice.

This is a suit for personal injuries growing out of a collision between plaintiff and defendant at the intersection of Inwood Drive and Timberlane in Houston, Texas. There was evidence of obstructions to the view at the intersection as the participants approached, and evidence that it was raining at the time of the collision, which limited visibility, and caused the streets to be wet and slick. The evidence was amply sufficient to authorize the jury's finding that either party was not negligent and was sufficient to raise the issue of unavoidable accident. The evidence was undisputed that plaintiff was hospitalized only one day, returned to work in a week, and has been steadily employed at the same or a greater rate of pay since.

Trial was to a jury which acquitted both parties of negligence; found plaintiff's damages to be "no dollars", and found the accident to be an unavoidable one under the circumstances. The court entered a "take

nothing" judgment upon the verdict of the jury, and the plaintiff appeals upon 9 points, but which present 3 basic contentions, viz.: (1) The verdict of the jury was contrary to the overwhelming and undisputed evidence, and based on confusion, bias, and prejudice. (2) Reversible error was committed by the Trial Court in permitting defendant to ask a witness if plaintiff's medical expense would be afforded free because of his employment. (It is contended that this question by innuendo suggested that plaintiff was covered by Compensation insurance). (3) That the argument of defendant's counsel to the jury was in many respects improper and for such reason constituted reversible error.

As to plaintiff's 1st contention that the verdict is contrary to the overwhelming weight of the evidence, a recitation of the evidence in the case would be of no precedential value—and it suffices to say that the record in this case contains abundant evidence to support the verdict of the jury on all of the issues inquiring as to negligence on the part of both plaintiff and defendant, and on the issue of unavoidable accident. The fact that the evidence was conflicting in some instances merely made for fact issues to be submitted for determination by the jury.

As to the 2nd contention—that reversible error was committed by reason of the Trial Court permitting defendant's counsel to ask the witness W. M. Rainey, Sr., if it was the Company's policy at that time, if a man was injured on the job, to give him free medical expense. The witness answered that he did not know. There was no question answered that plaintiff had received free medical treatment or that his company had that policy; there was no mention of insurance, directly or indirectly; and no evidence that plaintiff did not incur the medical expense himself. We fail to perceive error here, but should we be mistaken, the error was a matter of small consequence and not such as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. See Rule 434, Texas Rules of Civil Procedure.

Plaintiff's 3rd contention is that the argument made to the jury by defendant's counsel was improper in many respects and constitutes reversible error.

Our analysis of the argument complained of is that it may be broken into two main categories: (1) Argument which it is contended has no basis in the evidence in the case. It should be observed here that all argument in this 1st category was either objected to and the objection sustained and the jury instructed not to consider the argument, or was not objected to at all. (2) Argument which in the main consists of unkind remarks concerning plaintiff's counsel or his physician and which may be denominated argument of the inflammatory type.

Complained of argument under the 1st category is summarized as follows:

Arguing from the evidence that an admitted speed of 35 miles per hour was contrary to municipal law of the City of Houston. (Objection sustained and jury instructed not to consider argument.)

Arguing that 35 miles per hour in the city limits of Houston was not a prudent rate of speed. (Objection sustained and jury instructed not to consider argument.)

Arguing that appellant introduced a Mrs. Gillman who testified that Miss McMillian said the accident was her fault. (Not objected to at all.)

Arguing that Miss McMillian did not make the statement it was her fault but that she might have said that she did not want her father to find out about the accidence because he had a stroke. (Not objected to at all.)

Arguing that a few weeks after the accident appellant's counsel made contact with appellant and signed him up with a contract of employment. (Objection sustained and jury instructed.)

Complained of argument in the 2nd category is quoted verbatim as follows:

"There is a principle behind all lawsuits. There is a lot of good that can

be done by juries by deciding this sort of situation and establishing a principle, and I say there is something in this type of situation, where this man saying he represents his secretary and he has 4 or 5 other cases of this kind, and I say you have a service you can render by your verdict in a matter of this kind.

"To my mind Don Rainey is a pawn, he is a victim of a system, and you have an opportunity here today in your deliberations to go.

"He is a pawn, and it is a situation created about which you can do something. That is a strong statement, and if it wasn't supported by the facts or the evidence, I wouldn't make it.

"He wants you to violate your oaths as a juror and decide this on something different from the facts, and on extraneous matters, and as further proof of that, he runs in Fairchild and tries to get into this record that somebody has been out here bribing somebody else. You see, it is evident that we find him saying, 'I am whipped on the facts, my man Davis has let me down, I will then try to get the jury's minds off of the facts, let's infer that the other side is crooked, maybe that will get them off of the facts and will get them to award us a lot of money; let's put this thing in there and let there be a suspicion in the minds of the jury where they will disregard the facts, and Davis whipped us on the facts, he showed the jury that the true issue was speed, but let's put on two witnesses that nobody has called and make crooks out of them in the hopes that the jury will get their minds away from the facts and render us a lot of money we are not entitled to, based upon bias and prejudice.'

"This trial could have been over yesterday except for this sorry stuff. A man who has got a personal interest, gets forty-five cents out of every dollar that poor old man Rainey will get

at your hands. I say this, Don Rainey is all right, he is a victim of a situation that it will be your privilege to say ought not to exist in Harris County, Texas."

Although there are instances in the foregoing recited complained of argument where objection and admonition probably cured same, and other instances where failure to urge objections constitutes waiver, for the purposes of this decision we will assume that all of the argument in question was improper and of the type that ordinarily is "incurable."

■ Our Supreme Court has held that before a judgment is reversed because of argument of counsel, two things must appear: (1) The argument must be improper, (2) it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. "Probably" is defined in the dictionary as meaning: "in a probable manner." "Probable" is said to mean: " 'having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt; likely.' " Aultman v. Dallas Railway & Terminal Co., Tex.Sup., 260 S.W.2d 596, 600; Clifton v. Lostutter, Tex.Civ.App., 268 S.W.2d 323; Lumberman's Lloyds v. Loper, Tex. Sup., 269 S.W.2d 367.

■ Applying the rules laid down in the foregoing authorities to the record as a whole in the case at bar, we conclude that the jury would in all probability have rendered the same verdict that was rendered, whatever the argument of defendant's counsel. We further believe that the findings of the jury acquitting both parties of negligence and in finding that the collision was the result of an unavoidable accident are supported by a preponderance of the evidence. We therefore conclude that the argument probably did not cause the verdict and judgment to be as they were.

The judgment of the Trial Court is accordingly affirmed.