Colleen **LANGFORD**, Appellant,

v.

**T. C. PEARSON et al.**, Appellees.

No. 3636.

Court of Civil Appeals of Texas.

Waco.

March 17, 1960.

Rehearing Denied April 14, 1960.

474

Burris, Benton, Baker & Zwiener, A. C. Lesher, Jr., Eugene N. Catlett, Houston, for appellant.

Richard H. Powell, R. Wayne Amos, Houston, for appellees.

McDONALD, Chief Justice.

This is a personal injury case growing out of a rear end collision on an approach to the Gulf Freeway in Houston, Texas. Plaintiff Langford brought this suit alleging that defendant Pearson collided with her car on an approach to the Gulf Freeway at a time when she had stopped. Plaintiff alleged that Pearson was driving a car belonging to Marathon Insurance Company and was acting within the scope of his employment at the time of the collison. Plaintiff alleged personal injuries aggregating $110,000. Trial was to a jury which, in answer to special issues, found:

1. Defendant Pearson was not acting within the course and scope of his employment for Marathon Insurance Company at the time of the collision.

2. Defendant Pearson did not fail to keep a proper lookout immediately before the collision.

3. Unanswered.

4. Defendant Pearson was not operating the automobile at a greater rate of speed than a person of ordinary prudence immediately before the collision.

5. Unanswered.

6. Defendant Pearson did not fail to make proper application of the brakes of the automobile he was operating.

7. Unanswered.

8. Defendant Pearson's failure to swerve his vehicle to the left of plaintiff's automobile was not negligence.

9. Unanswered.

10. The collision was the result of an unavoidable accident.

11. thru 15. Acquit the plaintiff of any contributory negligence proximately causing the collision.

16. Is the damage issue and finds that $3621.25 will reasonably compensate plaintiff for her damages suffered as a result of the collision.

The Trial Court entered judgment on the verdict that plaintiff take nothing.

Plaintiff appeals, contending: The Trial Court erred in not granting a new trial because of: 1) improper, impassioned, prejudicial and harmful argument of defendants' counsel to the jury; and 2) the jury's answers to the issues are so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

We revert to plaintiff's first contention. Counsel for defendants, in his argument to the jury, stated: "Now in this case, you can read between the lines in this case, and of course I have got 2 briefcases full of stuff here that is not admissible in evidence or that we chose not to have in evidence." Objection was here made by counsel for plaintiff. The Court sustained such objection and instructed the jury not to consider the argument for any purpose.

Thereafter, defendants' counsel argued:

"I feel that the laws of evidence are a little restrictive. We try to follow them, just the same, naturally, but I feel that they are a little restrictive. I think the jury should be—let us say —let in on things that we can't". Objection was here made by plaintiff's

counsel and was by the Trial Court sustained.

Thereafter, counsel for defendants argued:

"My theory, in other words, I feel myself—in other words, I try to follow the rules of evidence but I feel that they are restricted and that is my feeling and philosophy about it and has grown that way in the past few years.

"I frequently feel that a jury in a trial of a lawsuit is something like an audience at a play where you have got a play on a stage and of course the jury hears and sees what is, according to the Judge's interpretation, proper evidence to be submitted before the jury.

"But just like the audience at a play a lot of the things behind the scenes are not * * *."

Objection was here made by plaintiff's counsel.

Defendants' Counsel: "Well, Your Honor, it is obvious that every time something comes up the jury is retired, there are many things that have to be done, like the charge and many other things. I haven't brought anything into evidence. I am telling them about my philosophy about it."

The Court: "We are talking about the procedure here counsel. All right. Overruled."

Defendants' counsel continued:

"Incidentally, let me point this out to you that you are to consider the evidence in this case and not what any lawyer says to you. What the lawyers say to you is not legal evidence. You know that. It is what comes from this witness stand, but you may draw your conclusions from what you see and from what you hear from that witness stand. * * *"

In discussing issue 1 (whether defendant Pearson was acting within the course and scope of employment for Marathon Insurance Company at the time of the collision) defendants' counsel argued:

"* * * don't think you have to stretch your conscience or do anything wrong in that jury room in order to give Mrs. Langford something by answering this Marathon Insurance issue 'We do', because you don't. You don't have to do it. You don't have to do it. A reasonable verdict in this case will be paid as against Mr. Pearson personally. Alright, now then."

Mr. Catlett: "That is not in evidence."

The Court: "Beg pardon."

Mr. Catlett: "That is not in evidence."

The Court: "What, what?"

Mr. Catlett: "The statement he made."

The Court: "No objection."

Mr. Catlett: "I object to it, Your Honor, because there is no evidence supporting it."

The Court: "That is not a matter of evidence."

Mr. Catlett: "Well."

Counsel for Defendant: "I can assure you that any reasonable verdict in this case against Mr. Pearson personally would be paid."

The foregoing constituted all of the jury argument that was objected to. As noted, each objection was sustained by the Trial Court with the exception of the last objection made.

■ Our Supreme Court holds that before a judgment is reversed because of the argument of counsel, two things must appear: 1) The argument is improper, 2) it must be such as to satisfy the re-

viewing court that it was reasonably calculated to and probably did cause the rendition of an improper judgment in the case. "Probably" is defined as meaning: "in a probable manner." "Probable" means, "having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt; likely." Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596, 600; Rainey v. McMillian, Tex.Civ. App., 271 S.W.2d 103, W/E Dis.; Lantex Const. Co. v. Lejsal, Tex.Civ.App., 315 S.W.2d 177, W/E Ref.N.R.E.; Lumbermen's Lloyds v. Loper, 153 Tex. 404, 269 S.W.2d 367; Indemnity Ins. Co. of North America v. Carrell, Tex.Civ.App., 318 S.W. 2d 744, W/E Ref.N.R.E.; Rules 434 and 503 Texas Rules of Civil Procedure.

 The Trial Court sustained objections to all of the complained of argument except the last item detailed. The last item of argument was directed to Issue 1, and can have no bearing here, since defendant Pearson was acquitted of negligence. Applying the foregoing rules to the argument of counsel, as well as to the record as a whole in this case, we conclude that the argument, if improper, was harmless, and that the jury would in all probability have entered the same verdict that was rendered, whatever the argument of counsel.

▆ Plaintiff's second contention is that the answers of the jury to the issues submitted are so against the great weight and preponderance of the evidence as to be unjust. This case involves a rear end collision. The evidence in many facets is conflicting. There is credible evidence to the effect that plaintiff was travelling on an "approach lane" into the Gulf Freeway at Houston. The defendant was behind her. Plaintiff stopped her automobile. Defendant stopped some 10 feet behind her. Plaintiff then started up. Defendant then started up. Since he was coming onto the Freeway he looked back sharply over his left shoulder. Plaintiff suddenly stopped

for the second time, and defendant hit her car at a speed of not more than five miles per hour. The jury heard all of the evidence, observed the witnesses and acquitted both plaintiff and defendant of negligence under the circumstances; and in addition, found that the collision was the result of an unavoidable accident. From the record before us, considered as a whole, we are unable to conclude that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. See: In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Choisser v. Ramey, Tex.Civ.App., 314 S.W.2d 664, W/E Ref.N.R.E.; Montgomery v. Pagan, Tex.Civ.App., 324 S.W.2d 251 (no writ hist.).

All of plaintiff's contentions are overruled and the judgment of the Trial Court is affirmed.