James J. JORDAN, Appellant,

v.

NEW AMSTERDAM CASUALTY COMPANY, Appellee.

No. 3864.

Court of Civil Appeals of Texas.

Waco.

Oct. 5, 1961.

Rehearing Denied Jan. 25, 1962.

John H. Holloway, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Jerry V. Walker, Houston, for appellee.

McDONALD, Chief Justice.

This is a compensation case. Parties will be referred to as in the Trial Court. Plaintiff alleged he fell on concrete and sustained injuries to back, legs, nerves, and body in general, and that such injuries resulted in total permanent disability. Trial was to a jury which, in answer to Special Issues,

found that plaintiff sustained injury on 12 September 1957 which produced total incapacity for *55 weeks* (from 12 September 1957 to 1 October 1958), and partial incapacity for *75 additional weeks* (from 1 October 1958 to 9 March 1960).

Plaintiff appeals on 9 points, the principal contentions of which are:

1) The finding that plaintiff's incapacity would terminate 75 weeks after 1 October 1958 is supported by no evidence, and/or insufficient evidence, and/or is against the great weight and preponderance of the evidence.

2) The Trial Court erred in overruling Motion for New Trial based on jury misconduct.

3) The Trial Court erred in overruling Motion for New Trial based on prejudicial jury argument of defendant's counsel.

4) The Trial Court erred in permitting defendant to exhibit motion pictures of plaintiff's activities made without his knowledge.

5) The Trial Court erred in permitting defendant's witness, Dr. Price, to testify to the jury that plaintiff was "medically" a man 65 years of age.

6) The Trial Court abused its discretion in denying a new trial on the ground of material "newly discovered evidence" of additional surgery performed on plaintiff after the trial of the case but before Motion for New Trial was acted on.

We revert to plaintiff's 1st contention that the finding that plaintiff's incapacity would terminate 75 weeks after 1 October 1958 is supported by no evidence or insufficient evidence. Plaintiff fell on concrete while working at a filling station sustaining back and body injuries. His doctor, Dr. Knight, diagnosed a ruptured disc between the 4th and 5th lumbar vertebrae. Plaintiff underwent surgery for a correction of this condition. Plaintiff and Dr. Knight testified in effect that plaintiff was totally and permanently incapacitated. Dr.

Price, the defendant's doctor, testified in effect that plaintiff was not totally and permanently incapacitated; that he had some problems which he described as arthritic changes caused by "wear and tear"; that there was nothing to indicate plaintiff could *not do normal activities for a man of his age*; and that in his opinion, plaintiff could do work in a filling station. At the time of trial, plaintiff was working as delivery man for a pharmacy. The jury awarded plaintiff 55 weeks of total incapacity, followed by 75 weeks of partial incapacity. We think that there is evidence to support the jury's finding, and that same is ample under the rule of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

Plaintiff's 2nd contention complains of alleged jury misconduct. Plaintiff contends that while the jury was deliberating the case, several jurors related certain personal experiences with back injuries, and the duties which could be performed by one who had sustained a back injury. The record reflects that the jurors differed as to whether the alleged experiences in fact were related by various jurors. The Trial Court overruled Motion for New Trial, thereby impliedly finding that the alleged misconduct did not occur. We further conclude that the alleged misconduct, if it did occur, was not material and could not reasonably have resulted in any injury to plaintiff. In order to grant a new trial for jury misconduct: 1) such misconduct must be proved; 2) such must be material; 3) it must reasonably appear that probable injury resulted to the complaining party. Rule 327 Texas Rules of Civil Procedure; Crawford v. Detering Co., 150 Tex. 140, 237 S.W.2d 615; Baird's Bread Co. v. Hearn, 157 Tex. 159, 300 S.W.2d 646.

The record fails to reflect that the offending statements actually occurred, or that any juror was influenced by same, if they did occur. The burden to show probable prejudice has not been met. See also Rule 434 T.R.C.P.

Plaintiff's 3rd contention is that defendant's counsel made improper argument to the jury. The record reflects that plaintiff went to a Dr. Seducia and to a Dr. DeYoung. These doctors were not called to testify by plaintiff. Defendant's counsel argued substantially to the jury: "Where is Dr. Seducia and Dr. DeYoung"; "I think that we can assume that if Dr. Seducia and Dr. DeYoung thought plaintiff had anything wrong with him, they would be here to tell you about it." Plaintiff objected to the foregoing argument as prejudicial and inflammatory. The Trial Court overruled such objection.

Before a judgment is reversed because of the argument of counsel, two things must appear: 1) the argument is improper, 2) it must be such as to satisfy the reviewing court that it was reasonably calculated to and probably did cause the rendition of an improper judgment in the case. "Probably" means, "having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt; likely." Aultman v. Dallas Ry. & Term. Co., 152 Tex. 509, 260 S.W.2d 596, 600; Rainey v. McMillian, Tex.Civ. App., 271 S.W.2d 103, W/E Dis'd; Lantex Const. Co. v. Lejsal, Tex.Civ.App., 315 S.W.2d 177, W/E Ref. n. r. e.; Lumbermen's Lloyds v. Loper, 153 Tex. 404, 269 S.W.2d 367; Indemnity Ins. Co. of N. A. v. Carrell, Tex.Civ.App., 318 S.W.2d 744, W/E Ref., n. r. e.; Langford v. Pearson, Tex.Civ.App., 334 S.W.2d 473, W/E Ref. n. r. e.; Rules 434 and 503 T.R.C.P. Applying the foregoing rules to the argument of counsel, as well as to the record as a whole, we conclude that the argument, if improper, was harmless, and that the jury would have in all probability entered the same verdict that was rendered, whatever the argument of counsel

Plaintiff's 4th contention is that the Trial Court erred in permitting the defendant to exhibit to the jury motion pictures of plaintiff's activities, made without plaintiff's knowledge.

Defendant's witness who displayed and took the pictures, testified that he had seen both the pictures and the transactions which they portrayed and that the pictures accurately and correctly reflected what he had seen. The pictures merely showed plaintiff going about his duties delivering parcels for the pharmacy for which he worked, and which he himself testified about. The evidence was admissible. Further, the Trial Judge has considerable discretion in admitting or excluding photographic evidence. City of Ft. Worth v. Barlow, Tex.Civ.App., 313 S.W.2d 906. The Trial Judge in the instant case did not abuse his discretion.

Plaintiff's 5th contention complains of the witness Dr. Price testifying that in his opinion plaintiff was "medically" a man 65 years of age. Plaintiff's true age was 50. Dr. Price testified that his disabilities were due to "wear and tear". He amplified this by stating that the plaintiff's physical condition or age "medically", was some 10 or 15 years older than his actual age. The record is clear that this testimony did not mislead the jury as to plaintiff's actual age, and that all concerned understood that Dr. Price was merely testifying as to plaintiff's physical condition. Such is admissible. Federal Underwriters Exch. v. Cost, 132 Tex. 299, 123 S.W.2d 332.

Plaintiff's 6th contention is that plaintiff should have a new trial because of "material newly discovered evidence."

The instant case was tried during the week of 15 October 1959. Judgment was not actually entered in the case until 25 July 1960. On 22 August 1960, plaintiff filed Amended Motion for New Trial setting up, among other things, that subsequent to the trial, plaintiff was first examined by Dr. Brelsford, who found evidence indicating a need for surgery; that on 16 August 1960 a myelogram confirmed a complete block of the spinal canal at the level of the L-4 lumbar disc interspace; that Doctors Brelsford and Robertson, on 18 August 1960, operated on his disc in a "second back

operation". Plaintiff contends that the 75 weeks' partial incapacity terminated on 9 March, 1960, and that the second back operation and the necessity therefor conclusively established that his "temporary incapacity" extended longer than 75 weeks.

At hearing on the Motion for New Trial, plaintiff testified that both Dr. Price and Dr. Knight had advised him that he would need no further surgery; but that subsequent to the trial he sought the further medical advice of Doctors Brelsford and Robertson, who operated on his back in the same place that the first operation had been performed; that he was in the hospital 11 or 12 days, and that it would be 6 months before he could return to any work. The operation cost approximately $1500.00, and has not been paid for. The Trial Court overruled plaintiff's Motion for New Trial.

Denial of a motion for a new trial on the ground of newly discovered evidence is generally regarded as a matter resting within the discretion of the trial court, and its ruling will be disturbed only when an abuse of discretion is shown. A refusal to grant a new trial on this ground will not be reversed where the motion does not show proper diligence to obtain the evidence before the trial; where the evidence could be used only for the purpose of impeachment, or where the evidence is not such as it would probably change the result if proved on a new trial. 4 Tex.Jur.2d 826, pp. 366, 367.

In the case at bar the issue of total permanent disability was sharply contested; the jury found 55 weeks total disability followed by 75 weeks partial disability. Such period of partial disability expired 9 March 1960. Plaintiff continued to suffer disability, and went to Doctors Brelsford and Robertson. Doctors Brelsford and Robertson examined him; performed a myelogram on him; and thereafter performed a second operation on his back in the same place that the first operation had been performed. Plaintiff remained in the

hospital 11 or 12 days and testified that he could do no work for 6 months. We think the second back operation and the incapacity accompanying same are new facts to be considered by the jury. Plaintiff had not sought additional medical service earlier, since both his own doctor and the defendant's doctor told him no further surgery on his back was indicated or necessary.

We conclude that 1) knowledge of the facts was acquired after the trial; 2) there was no lack of diligence on plaintiff's part in failing to ascertain the facts prior to trial; 3) that such facts and evidence are material and would probably change the verdict upon another trial. Moreover, we feel that justice will be better served by giving the jury the benefit of such evidence. We think the instant factual situation parallel to, and controlled by our Supreme Court's opinion in Missouri-K.-T. Ry. v. Evans, 151 Tex. 340, 250 S.W.2d 385 and the authorities there collated under Par. 11, p. 393.

Plaintiff's 6th contention is sustained, and the cause is reversed and remanded.

On Motion for Rehearing.

Rehearing denied.

WILSON, Justice (dissenting).

If this should be the only cause in which the question could arise, silent submission to my colleagues' apparent aim toward a righteous result in an isolated case might be expedient. It is not such; and I think the holding sets a new snag to thwart the end of litigation.

This case may be viewed properly only by excising from the opinion the averments in the motion, for no attempt was made to prove them. These unproved allegations, it is thought, prompted the action of the majority. Plaintiff testified on the motion. His only competent and admissible evidence was that (a) none of the doctors who treated him just before trial told him he needed

a second operation, (b) but he knew personally he did need another operation; (c) that an incision was made on the back eight months after trial by a surgeon who had made a myelogram; (d) that by "seeing it in a mirror" plaintiff could tell this incision was made at the same location as that for the first operation before trial. This doctor did not testify; his testimony was not tendered. For this omission no explanation is suggested. Claimant testified pain had continued, and the second operation was "still a hinder" to his complete recovery. His medical testimony at trial on the merits had been that he was permanently incapacitated.

There is no evidence on the new trial hearing suggesting the slightest causal connection between the original injury and the second operation. No circumstance was tendered to the trial court indicating the first pre-trial laminectomy was imperfect. No one intimated to the judge (whose discretion we must say was abused) the reason an uncalled surgeon deemed his work necessary. No witness told the trial judge its result. Silence met the question of what condition the operation sought to correct. The trial court could do no more than guess what the doctor would testify to if called, and we can guess no better.

The court was not simply not required—it was not authorized—to grant a new trial on newly discovered evidence which was merely cumulative. Much less was there abuse of his discretion. The new evidence presented could only go to the issue of incapacity. On the trial, plaintiff's evidence was that he suffered pain, he couldn't work, couldn't stoop or lift, couldn't stand for any length of time, and his condition was growing worse instead of better. In the opinion of his medical witness who performed the first operation, as given on the trial, he could not do the tasks he was performing when injured. This condition, he said, was permanent; claimant could not do manual labor; his permanent incapacity for manual work was 50% to 75%; the doctor would not "pass him for doing manual

work". Defendant's medical opinion evidence was that he was disabled, but only to the extent of 15% to 20%. The jury found plaintiff had sustained more than a year's total incapacity, with partial incapacity for about 1½ years beyond.

The effect of plaintiff's new evidence was simply that his incapacity was of greater duration or extent than found by the jury under evidence at the trial which would have supported more favorable findings.

This is not like the Evans case, said to be controlling; there an entirely new, unknown, different and unknowable cause of incapacity was discovered and proved. Removal of an eyeball revealed concealed cancer as the cause. The only similarity in the cases is a post-trial operation. Evans was never meant to go this far. This court is not required or authorized to pass on whether discretion would have been abused if the facts alleged had been proved.

There is no more reason, as a matter of public policy, for setting aside this judgment for evidence of post-trial physical condition which might increase recovery, than for such action where the evidence would reduce it. See Ham v. Taylor, 22 Tex. 225; Missouri, K. & T. R. Co. of Texas v. Gist, 31 Tex.Civ.App. 662, 73 S.W. 857, 859, writ ref.; St. Louis S. W. R. Co. v. Turner, Tex.Civ.App., 225 S.W. 383, 389, writ ref.; Gulf, C. & S. F. R. Co. v. Brown, 16 Tex. Civ.App. 93, 40 S.W. 608, writ dis.; Adams v. Eddy, Tex.Civ.App., 29 S.W. 180; Texas Motor Coaches v. McKinney, Tex.Civ.App., 186 S.W.2d 714, 717; 31 Tex.Jur. Sec. 97, p. 110.

This dissent springs from what is believed to be a peril that the decision will yield fraud and uncertainty in cases yet unforeseen, but now foreseeable. There is no suggestion of bad faith in the present case; it is one of *absence* of newly discovered *evidence*. The unscrupulous may well use our holding to compel new trials, or to create for the trial judge additional quandary and dilemma. I think it wrong to reverse on the showing made.