MILES STRICKLAND ET AL, Relators

V.

HON. P. FRANK LAKE, SECRETARY OF STATE OF TEXAS, Respondent

No. A-8670. Decided May 23, 1962
357 S.W. 2d 383

*Miles Strickland, Myron M. Sheinfeld,* Houston, for relators.

*Will Wilson,* Atty. Gen., *Bob E. Shannon,* Asst. Atty. Gen., Austin, for respondent.

ORIGINAL MANDAMUS

` . ASSOCIATE JUSTICE FRANK P. CULVER delivered the opinion of the Court.

This is an original proceeding in which Miles Strickland and others seek a writ of mandamus to require the Secretary of State to accept and file corporate charters which set forth the purposes formerly authorized by Art. 1303b, Vernon's Annotated Texas Civil Statutes. The statute was expressly repealed by the Legislature effective August 25, 1961. Acts 1961, 57th Legislature, p. 458, ch. 229. The relators presented their charters to the Secretary of State on August 15, 1961, and the Secretary of State refused to file the same on the ground that Art. 1303b had been previously repealed by the Texas Business Corporation Act adopted in 1955.

In Gordon v. Lake, 163 Tex. 392, 356 S.W. 2d 138, we held that Art. 1303b was not repealed by the Texas Business Corporation Act, but that the same was in full force and effect when the relators presented their charter to the Secretary of State and that he was legally obligated to accept and file the charter. We further held that the only remedy available to the relators was by way of an original mandamus in this court and that they should not be deprived of their rights when the delay in enforcement resulted solely from the processes of the law. Therefore the rela-

tors here concededly are entitled to the writ of mandamus unless it be said that they failed to exercise due diligence in seeking relief. Their right to have the charters accepted and filed accrued prior to the repeal.

The facts in that respect are that on August 23rd, two days before the effective repeal date of Art. 1303b, these relators filed a motion praying that they be allowed to intervene in Gordon v. Lake and to seek the issuance of a writ of mandamus in their behalf. On October 3rd following we dismissed the motion to intervene and relators did not thereafter file a motion for rehearing. On October 24th they then sought leave to file their petition in mandamus.

The Secretary of State maintains that the delay of two months after the effective date of the repeal statute in seeking redress from this court is a lack of due diligence; and that since the relators had no legal right to intervene in Gordon v. Lake the effort to do so was a mere nullity and consequently they occupied no better position than if a motion to intervene had never been filed. In other words he insists that the attempt of one to avail himself of some remedy, which does not exist, cannot be considered in determining whether due diligence has been exercised.

The Secretary cites the case of City of Ranger v. Gholson, 141 S.W. 2d 396, Civ. App., 1940. That case held that the filing and pendency of a motion to intervene which was thereafter properly dismissed, did not toll the statutes of limitation. That holding is no doubt correct but it has little application. When the bar of limitation is invoked the matter of diligence is not an issue. The question is whether suit has been timely filed and the dismissal of a suit properly filed would have the same effect so far as limitation is concerned as the dismissal of the intervention in Ranger v. Gholson. We do say that in all probability relators' petition would have been filed earlier in this court had we not delayed action in their motion for a period of some 40 days. So to some extent at least the delay may be said to have resulted from legal processes. We think the attempt to intervene is a circumstance to be considered on the question of due diligence.

In this connection we call attention to the proviso in the repeal act, supra, as follows:

"The repeal of a prior Act by this Act shall not impair or otherwise affect:

"(1) The organization or the continued existence of a domestic corporation existing at the time of such repeal or any foreign corporation qualified to do business in this State at the time of such repeal to continue so to do without again qualifying to do business in this State; provided, however, that any corporation heretofore operating by virtue of Section 49 of Article 1302 or 1303b, Vernon's Civil Statutes of Texas, or both, must meet the qualifications of the Texas Business Corporation Act.

"(2) Any right accrued or established, or any liability or penalty incurred, under the provisions of such Act prior to the repeal thereof."

The term "diligence" is relative and incapable of exact definition. Its meaning must be determined by the circumstances of each case. Reasonable diligence has been defined as such diligence that an ordinarily prudent and diligent person would exercise under similar circumstances. Missouri, K. & T. Ry. Co. v. Gist, Tex. Civ. App., 73 S.W. 857. It is usually a question of fact. However, we are of the opinion that under the circumstances in this case the relators did not fail to exercise due diligence in filing their application for writ of mandamus in this court within a period of two months after the effective date of the repeal of Art. 1303b.

We therefore hold that the Secretary of State should file these charters as of the date they were presented to him, namely, August 15, 1961. In the event he does not so do the writ of mandamus will issue.

Associate Justice Steakley not sitting.

Opinion delivered May 23, 1962.

GRIFFIN, JUSTICE, concurring.

In view of the holding by the Court in Gordon v. Lake, I bow to the will of the Court, and concur herein.