# NO. 12-10-00147-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | |
| *IN RE: DEVON ENERGY* | | |
| *PRODUCTION COMPANY, L.P.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | | |
| | § | |

## *OPINION*

Devon Energy Production Company, L.P. filed a petition for writ of mandamus challenging the trial court's order denying its motion to strike the petition in intervention filed by Nathan Wade Jones, T.D. Livingston, Charles Windham, Janice Windham, Paul Ross, and Bobbie Ross (the "intervenors").[1] We conditionally grant the petition.

## BACKGROUND

On May 27, 2008, W. Brady Clark, A. Blain Clark, and Angela McCaa (the "plaintiffs") brought suit against Devon, DJ Energycom, LLC, and Chant Clark for rescission of three oil and gas leases:

### PLAINTIFFS

| Lessors | Date of Lease | Subject Lands |
|---|---|---|
| Willis Brady Clark<br>Alan Blain Clark | 4-7-08 | 157.65 acres<br>Lewis Watkins Survey<br>and Joel White Survey |

---

[1] The respondent is the Honorable Charles R. Mitchell, Judge of the 273rd Judicial District Court, Shelby County, Texas. The real parties in interest are W. Brady Clark, A. Blain Clark, Angela McCaa, Nathan Wade Jones, Tenison Deloyd Livingston, Charles P. Windham, Janice W. Windham, Paul M. Ross, and Bobbie L. Ross.

| | | |
|---|---|---|
| Alan Blain Clark | 4-7-08 | 81.001 acres<br>Lewis Watkins Survey<br>Joel White Survey |
| W. Brady Clark<br>Angela K. McCaa | 4-7-08 | 34.99 Acres<br>Lewis Watkins Survey |

Chant Clark, a landman acting as Devon's agent, obtained these leases.

The plaintiffs sought rescission of the leases based upon claims of fraud, statutory fraud, and breach of fiduciary duty. As an alternative to rescission of the leases, the plaintiffs sought monetary damages. Along with filing their original petition, the plaintiffs tendered into the registry of the court $136,820.00, the full amount of the consideration Devon had paid for the leases.

On October 8, 2009, the plaintiffs' attorney filed a "Plaintiff[s'] First Amended Petition and Intervenors' Petition In Intervention." The amended petition named three additional defendants, and included the following intervenors who sought to join the plaintiffs' suit:

**INTERVENORS**

| Lessors | Date of Lease | Subject Lands |
|---|---|---|
| Wade Jones | 4-9-08 | 80.8643 acres<br>G.W. Watson Survey<br>John Hall Survey<br>G.R. Hughes Survey |
| Tenison Deloyd Livingston | 4-18-08 | 62.655 acres<br>Thomas Haley Survey |
| Charles P. Windham<br>Janice W. Windham | 4-3-08 | 52.81 Acres<br>S.S. Runnels Survey<br>Jonathan Anderson Survey<br><br>28.51 acres<br>Jonathan Anderson Survey |
| Paul M. Ross<br>Bobbie L. Ross | 3-3-09 | 93.5249 acres<br>Benjamin Odell Survey<br>Jonathan McFadden Survey<br>Kneel Black Survey |

The intervenors sought the same relief as the plaintiffs: rescission of their respective leases along with an alternative remedy of monetary damages. Unlike the plaintiffs, however, none of the intervenors tendered the consideration they had received from Devon into the registry of the court. Devon moved to strike the petition in intervention. Following a telephonic hearing, the trial court entered an order on March 5, 2010, denying Devon's motion to strike the petition in intervention. On May 17, 2010, Devon filed a petition for writ of mandamus with this court.

<u>DUE DILIGENCE IN SEEKING MANDAMUS</u>

Initially, the intervenors contend that Devon unreasonably delayed two and one-half months before seeking mandamus relief and that its petition should be denied because of laches. We disagree. When reviewing a mandamus petition, the term "diligence" is relative and incapable of exact definition. *Strickland v. Lake*, 163 Tex. 445, 448, 357 S.W.2d 383, 384 (1962) (orig. proceeding). Its meaning must be determined by the circumstances of each case. *Id.*

In *Strickland*, the Texas Supreme Court held that waiting two months to file a mandamus petition was not failure to exercise due diligence. *See id*., 163 Tex. at 448, 357 S.W.2d at 384. Recently, our supreme court has held that a delay of slightly less than six months before seeking mandamus relief was not unreasonable. *See In re SCI Tex. Funeral Services, Inc.*, 236 S.W.3d 759, 761 (Tex. 2007) (orig. proceeding). The intervenors have cited us to no authority supporting a conclusion that waiting two and one–half months from the time an order is signed to file for mandamus relief constitutes a lack of due diligence and therefore laches. In the case before us, Devon's appellate counsel explained that it took time for Devon to retain him as appellate counsel, and then for him to obtain a certified copy of the order, to familiarize himself with the case, and prepare the mandamus petition. There has been no showing of a lack of due diligence on Devon's part in bringing this mandamus proceeding.

<u>AVAILABILITY OF MANDAMUS</u>

Mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992). To determine whether the trial court clearly abused its discretion, the reviewing court must

consider whether the challenged ruling or order was one compelled by the facts and circumstances or was arbitrarily unreasonable, or made without reference to any guiding rules or principles. *In re Allstate Ins. Co.*, 232 S.W.3d 340, 342 (Tex. App.–Tyler 2007, orig. proceeding). A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Walker*, 827 S.W.2d at 840. The trial court has no discretion in determining what the law is or applying the law to the facts. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004). An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments. *Id.* at 136. This determination depends heavily on the circumstances presented and is better guided by general principles than by simple rules. *Id.* at 137. The party seeking the writ of mandamus has the burden of showing that the trial court abused its discretion and that appeal is an inadequate remedy. *In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 935 (Tex. App.–Tyler 2005, orig. proceeding).

## INTERVENTION

Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party. TEX. R. CIV. P. 60. When an intervention is challenged by a party's motion to strike, the intervenor bears the burden to demonstrate a "justiciable interest" in the pending suit. *In re Union Carbide Corp.*, 273 S.W.3d 152, 155 (Tex. 2008) (orig. proceeding). To constitute a justiciable interest, the intervenor's interest must be such that if the original action had never been commenced, and he had first brought it as the sole plaintiff, he would have been entitled to recover in his own name to the extent of at least a part of the relief sought in the original suit. *Id.* An intervenor must show some present legal or equitable interest in the subject matter that makes it proper for him to participate in the proceeding. *Jabri v. Alsayyed*, 145 S.W.3d 660, 672 (Tex. App.–Houston [14th Dist.] 2004, no pet.).

## ABUSE OF DISCRETION

An oil and gas lease creates an interest in real property. *See Amoco Prod. Co. v. Alexander*, 622 S.W.2d 563, 572 (Tex. 1981). In a typical oil and gas lease, the lessor is a grantor and grants a fee simple determinable interest to the lessee, who is actually a grantee. *Natural Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188, 192 (Tex. 2003).

4

When an oil and gas lease reserves only a royalty interest, the lessee acquires title to all of the oil and gas in place; the lessor owns only a possibility of reverter and has a right to receive royalties. *Id.* Under an oil and gas lease, the lessee is in effect a cotenant of the lessor. *Shell Oil Co. v. Howth*, 138 Tex. 357, 367, 159 S.W.2d 483, 490 (1942).

A party who has an interest in real property that is the subject of the litigation may intervene in a pending suit. *See American Spiritualist Ass'n v. City of Dallas*, 366 S.W.2d 97, 100 (Tex. Civ. App.–Dallas 1963, no writ). When a party owns no interest in the real property that is the subject of a suit, it has no justiciable interest in the suit. *See Old Alamo Heights Neighborhood Ass'n v. City of Alamo Heights*, 650 S.W.2d 216, 217 (Tex. App.–San Antonio 1983, no writ); *see also Wilson v. County of Calhoun*, 489 S.W.2d 393, 396-97 (Tex. Civ. App.–Corpus Christi 1972, no writ) (party not alleging legal or equitable interest in land may not intervene in suit involving that land).

Here, the intervenors concede that they do not have an interest in the real property described in the oil and gas leases between the plaintiffs and Devon. However, they contend that because Devon used the same lease form for all of the leases, they should be allowed to intervene. But they are not parties to the plaintiffs' leases nor are they entitled to any benefits from them. The fact that the form used for all the leases is the same does not give the intervenors a justiciable interest in the plaintiffs' suit. *See Henderson Edwards Wilson, L.L.P. v. Toledo*, 244 S.W.3d 851, 854 (Tex. App.–Dallas 2008, no pet.) (intervenor had no justiciable interest in suit to rescind contract where intervenor was not party to contract and could not have sued to enforce it). The oil and gas leases in this case are only the vehicles used to create the interest in land that is the subject matter of the plaintiffs' suit. The intervenors have shown no direct interest in the subject matter of the suit between the plaintiffs and Devon. Because there was no showing that the intervenors had an interest in the subject matter of the suit between the plaintiffs and Devon, the trial court had no basis upon which to deny Devon's motion to strike the petition in intervention. Therefore, it abused its discretion when it entered that order.

## ADEQUATE REMEDY BY APPEAL

Having determined that the denial of Devon's motion to strike the petition in intervention was an abuse of discretion, we next consider whether Devon has an adequate remedy by appeal. Mandamus is not to be used as a substitute for an ordinary appeal. *In*

5

*re Barrett*, 149 S.W.3d 275, 280 (Tex. App.–Tyler 2004, orig. proceeding). But the word "adequate" has no comprehensive definition; it is simply a reference to the careful balancing of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts. *In re Prudential*, 148 S.W.3d at 136. These considerations implicate both public and private interests. *Id.* An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments. *Id.* Conversely, when the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate. *Id.* Among other factors, we consider the procedural dynamics of the case in determining whether the appellate remedy is adequate. *Id.*

The intervenors contend that it would be in the interest of judicial economy for their cases to be tried with the plaintiffs' case, thus having one trial instead of five. However, it is a fundamental rule of law that only the person whose primary legal right has been breached may seek redress for that injury. *Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976). For example, a suit to set aside a deed obtained by fraud can only be maintained by the defrauded party. *Id.* A party who was not defrauded by the conveyance has not suffered an invasion of a legal right and therefore does not have standing to bring suit based on that fraud. *Id.* In this case, the plaintiffs are seeking rescission of the leases based upon fraudulent representations allegedly made to them by Devon and its agents.

Rescission is an "undoing" of an instrument, in this case the oil and gas lease between Devon and the plaintiffs. *See American Apparel Prods. v. Brabs, Inc.,* 880 S.W.2d 267, 270 (Tex. App.–Houston [14th Dist.] 1994, no writ). To be entitled to rescission, a party must show that (1) it and the defrauding party are in the status quo (i.e. there are no retained benefits received under the instrument and not restored to the other party) or 2) there are equitable considerations that obviate the need for the status quo relationship. *Isaacs v. Bishop*, 249 S.W.3d 100, 110 (Tex. App.–Texarkana 2008, pet. denied). An inability or unwillingness to return the parties to their former position should be considered in determining whether rescission would be equitable. *See id.* In the case before us, the primary relief sought by the plaintiffs and intervenors is rescission. The

6

plaintiffs have properly followed the procedure required to seek rescission, while the intervenors have not.

Moreover, Devon used five different agents in its dealings with the intervenors while using only two to deal with the plaintiffs. Each agent's negotiation on each tract of land involved different dynamics and therefore almost certainly different representations. Five different sets of facts have been created. The evidence of fraud would be unique to each lease. Further, the plaintiffs may be entitled to rescission while the intervenors may be entitled only to monetary damages because of a failure to satisfy a prerequisite to rescission. And finally, in an appeal of an adverse judgment, it would be difficult, if not impossible, for Devon to untangle how confusion over these important differences contaminated the jury's deliberations. *See **In re Hochheim Prairie Farm Mut. Ins. Ass'n***, 296 S.W.3d 907, 911 (Tex. App.–Corpus Christi 2009, orig. proceeding).

While we are not unmindful of the importance of judicial economy, it is more important that each party have its interest in each lease of real property decided specifically upon the evidence unique to that tract, separate from consideration of evidence applicable only to an adjoining lease. Under the facts of this case, we conclude that the benefits of mandamus outweigh the detriments. Accordingly, we hold that Devon does not have an adequate remedy by appeal.

## DISPOSITION

Having concluded that the trial court abused its discretion by denying Devon's motion to strike the petition in intervention and that it does not have an adequate remedy at law, we conditionally grant mandamus relief. We trust that the trial court will promptly vacate its order of March 5, 2010 denying defendant Devon Energy Production Company, L.P.'s motion to strike the petition in intervention and enter an order granting the motion. The writ will issue only if the trial court fails to comply with this court's opinion and order within ten days after the date of the opinion and order. The trial court shall furnish this court, within the time for compliance with this court's opinion and order, a certified copy of its order evidencing such compliance. All pending motions are overruled as moot.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 17, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)
