# NO. 12-19-00050-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *PHILIP J. EMERSON, JR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Philip J. Emerson, Jr., acting pro se, filed this original proceeding in which he challenges Respondent's decision to sign a modified final judgment.[1] We deny the writ.

## BACKGROUND

This original proceeding pertains to trial court cause number 2017-523. In that case, Holly Lake Ranch Association, Inc. sued Bob Bulla, Annette Coates, Patsy Jones, Kenneth Mangham, Kenneth Mentch, Shonna L. Mulkey, Ronald Roddy, and Jay Blint (residents of Holly Lake and members of Holly Lake Ranch Association) in 2017. It appears that the lawsuit involved amendments to subdivision restrictions. In August 2018, Respondent entered judgment in favor of Holly Lake. On October 10, Respondent signed a modified final judgment. In the modified judgment, Respondent found (1) certain amendments to the Holly Lake subdivision restrictions void and of no further legal effect, and (2) "votes cast by members of Holly Lake Ranch Association, Inc. on proposed amendments to the Subdivision Restrictions of Holly Lake Ranch Subdivision in the future will be allocated as follows: each member who owns a lot is entitled to one vote, regardless of how may lots that member might own, and regardless of how many persons, or entities, might share the ownership rights in that member's lot." The defendants appealed and

---

[1] Respondent is the Honorable Jeff Fletcher, Judge of the 402nd District Court in Wood County, Texas. Holly Lake Ranch Association, Larry Bowman, Patsy Jones, Ronald Roddy, Shonna L. Mulkey, Kenneth Mangham, Greg Demko, Jay Blint, Annette Coates, Bob Bulla, Kenneth Mentch, and Robert James are the Real Parties in Interest.

that appeal is pending before this Court in appellate cause number 12-18-00261-CV. Emerson, who is not a party to the appeal, filed this original proceeding.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both of these prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

## AVAILABILITY OF MANDAMUS

Emerson, a lot owner in Holly Lake subdivision, argues that (1) Respondent "erred in case number 2017–523 by permanently denying [him] and other lot owners owning lots in the Holly Lake Ranch master–planned development in Wood County, Texas, [their] substantive rights when the presiding judge signed the corrected final judgment judicially changing the restrictions [their] deeds are subject to[,]" and (2) the "articles of incorporation do not allow the Association to sue a lot owner for exercising an expressed right in the dedicatory instruments."[2] Emerson was not a party to the underlying proceeding and maintains that he has no available appeal.[3]

Mandamus is an extraordinary remedy that is available only in limited circumstances. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). It is not to be used as a substitute for appeal. *See **In re Devon Energy Prod. Co., L.P.***, 321 S.W.3d 778, 784 (Tex. App.—Tyler 2010, orig. proceeding). Although a relator need not be a party to the underlying litigation to seek mandamus relief, he must have a justiciable interest in the underlying controversy. *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991).

---

[2] Emerson's petition for writ of mandamus originally raised five issues, but his amended petition raises only one.

[3] The record does not indicate that Emerson attempted to intervene in the underlying lawsuit. *See* TEX. R. CIV. P. 60.

2

Assuming, without deciding, that Emerson has a justiciable interest in the underlying controversy, we conclude that mandamus review is not appropriate under the circumstances of this case. A final judgment has been signed in trial court cause number 2017-523, and is currently pending before this Court on appeal. Although mandamus relief has occasionally been granted after final judgment, the circumstances in such cases were unusual. *In re Energy Transfer Fuel, L.P.*, 298 S.W.3d 348, 352 (Tex. App.—Tyler 2009, orig. proceeding); *see Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex. 1994) (mandamus appropriate because of "unique and compelling circumstances" involving conflicting child custody orders despite the entry of a final order); *see also In re Home State County Mut. Ins. Co.*, No. 12-07-00062-CV, 2007 WL 1429584, at *3-4 (Tex. App.—Tyler May 16, 2007, orig. proceeding) (mem. op.) (mandamus requiring trial court to vacate severance order rendered final judgment interlocutory). No similar unusual or compelling facts are presented here.

Nor do the facts of this case give rise to the type of exceptional case that warrants mandamus review. Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. *In re Prudential Inc. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004). Here, the appeal regarding trial court cause number 2017-523 includes the October 10, 2018, modified final judgment. Although Emerson is not a party to that judgment or to the appeal, the propriety of the modified judgment will be before this Court.[4] Thus, this is not a situation in which any error resulting from the October modified judgment could not be cured absent mandamus review and there is no indication that any error could not be made part of the appellate record. *See In re East Tex. Med. Ctr.*, No. 12-17-00183-

---

[4] We also note that Texas Rule of Appellate Procedure 11 authorizes an appellate clerk to receive an amicus curiae brief. *See* TEX. R. APP. P. 11; *see also* Black's Law Dictionary 93 (8th ed. 2004) (defining "amicus curiae" as one who is not a party to a lawsuit but who petitions the court or is requested by the court to file a brief in the action because he has a strong interest in the subject matter). "[C]ourts may entertain suggestions from an amicus curiae, who, as a 'friend of the court,' makes suggestions to the court about questions apparent from the record in the case." *Hamilton v. Pechacek*, No. 02-12-00383-CV, 2014 WL 1096018, at *3 (Tex. App.—Fort Worth Mar. 20, 2014, no pet.) (mem. op.). "An amicus curiae is not a party to the suit and may make only suggestions to the court; the court can take only the actions that it could have taken even in the absence of a suggestion by an amicus curiae." *Id*.

CV, 2017 WL 4675511, at *2 (Tex. App.—Tyler Oct. 18, 2017, orig. proceeding) (mem. op.). And nothing in the record suggests that mandamus review is essential to give needed and helpful direction regarding the modified judgment that would otherwise prove elusive in the pending appeal from that judgment. *See **In re Prudential Inc. Co. of Am.**,* 148 S.W.3d at 136. Additionally, the merits of the underlying controversy have already been developed and addressed. Because a final judgment has already been signed and is being appealed, the lack of mandamus review will not result in an irreversible waste of resources. *See **id.*** at 137; *see also **In re Empower Texans, Inc.**,* No. 03-18-00220-CV, 2018 WL 1802515, at *3 (Tex. App.—Austin Apr. 17, 2018, orig. proceeding) (mem. op.) (recognizing that the "most frequent use of mandamus relief by the supreme court involves cases in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved"); ***East Tex. Med. Ctr.****,* 2017 WL 4675511, at *2. Accordingly, for all the above reasons, we conclude that Emerson failed to establish an entitlement to mandamus relief.

<u>DISPOSITION</u>

Having determined that mandamus review is not appropriate in this case, we ***deny*** Emerson's petition for writ of mandamus.

<u>BRIAN HOYLE</u>
Justice

Opinion delivered March 12, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 12, 2019**

**NO. 12-19-00050-CV**

**PHILIP J. EMERSON, JR.,**
Relator
V.

**HON. JEFF FLETCHER,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Philip J. Emerson, Jr.; who is the relator in appellate cause number 12-19-00050-CV and a non-party in trial court cause number 2017-523. Said petition for writ of mandamus having been filed herein on February 14, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*