# NO. 12-19-00316-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *PHILIP J. EMERSON, JR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Philip J. Emerson, Jr., acting pro se, filed this original proceeding requesting that this Court order Respondent to vacate his September 12, 2019, order granting the motion for summary judgment filed by Robert E. Mead, Jr., and Lynwood Champion, the Real Parties in Interest (RPIs).[1]  We deny the writ.

## BACKGROUND

Emerson sued the RPIs regarding real estate transactions conveying acreage in the wilderness area of Holly Lake Ranch.  Emerson alleged the following against both Mead and Champion:

**A. Relief Sought**
141. Non-monetary relief in the form of declaration that the deeds for the WRA [Wilderness Recreation Area] to Mead, Big Sandy Creek Ranch, LLC, Camp Greenhead, LLC, and LAPA Champion are void, and monetary relief in the form of reimbursement to Plaintiff, me, Philip "PJ" Emerson Jr., of Plaintiff's expenses, together with costs.
142. In the alternative of quieting title, I ask that constructive and resultant trusts be imposed on Mead, and that constructive trust be imposed on Champion mandating the return of the property with damages.
…

**C.  Plaintiff's, Individually and on Behalf of Those Similarly Interested, Interest in the Property**

---

[1] Respondent is the Honorable Jeff Fletcher, Judge of the 402nd District Court in Wood County, Texas.

151. I have a justiciable interest in the WRA as it grants to me in two ways. First, as a member of HLRA [Holly Lake Ranch Association], and second, as a lot owner showing appurtenant recreating areas connecting to the subdivision my land is in. As shown in the excerpt to the plat for part I, section III, Holly Lake Ranch, the road going to the recreational area is not a court like the other streets in the subdivision.

**D. Defendant's Claim as Cloud on Title**

152. Beginning in 2004, my claim commenced when Silverleaf Resorts, Inc., transferred land in the Development's WRA to Mead.

153. On September 9, 2015, my claim commenced when Mead, by and through Camp Greenhead, LLC, sold part of the WRA to Champion, by and through LAPA Champion, and the two, Mead and Champion began to exclude lot owners owning land in the Development from using the WRA.

**E. Invalidity of Defendant's Claim**

154. There has been no recorded vote of the lot owners giving up use of the WRA. Under Texas law, the developer's intent for the Development to stay as one whole 4,000+ acre mass can only change with lot owner consent.

155. Therefore, the grants to Mead's and Champion's entities are voidable, and should be found void by the Court, as to Mead's and Champion's ability to exclude lot owners.

With respect to Mead, he also complained that:

**A. Relief Sought**
136. Non-monetary relief in the form of declaration that property held in an entity controlled by O Country-2 and Mead, by and through its affiliate entities, be turned over to HLRA, and monetary relief in the form of reimbursement to Plaintiff, me, Philip "PJ" Emerson Jr., of Plaintiff's expenses, together with costs.
In the alternative of quieting title, I ask that constructive and resultant trusts be imposed on O Country-2 and Mead mandating the return of the property with damages.
…
**C. Plaintiff's, and on Behalf of HLRA and Similarly Interested, Interest in the Property**
138. The property not titled in HLRA was meant for HLRA members and lot owners in the Development.

**D. Defendant's Claim as Cloud on Title**
139. On May 31, 1989, my claim commenced when Mead transferred land to an entity not named HLRA.

**E. Invalidity of Defendant's Claim**
140. The intent of HL Dev [Holly Lake Development Company] was to keep the 4,000+ acres whole for the benefit of lot owners and tract owners.[2]

On August 14, 2019, the RPIs filed a motion requesting that Emerson be determined a vexatious litigant. They filed a motion for summary judgment that same day. The RPIs filed a

---

[2] Emerson also alleged causes of action under Title 42, Sections 1983 and 1984, of the United States Code against Mead.

motion to withdraw the vexatious litigant motion on August 27, which Respondent granted on August 28. On September 12, Respondent granted the RPIs' summary judgment motion. This proceeding followed.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.).

## AVAILABILITY OF MANDAMUS

Emerson contends that Respondent abused his discretion by granting the RPIs' summary judgment motion because the proceedings were statutorily stayed when the RPIs filed their vexatious litigant motion.[3] Consequently, he maintains that Respondent should not have granted the withdrawal motion and the summary judgment order is void.

However, the order granting summary judgment is a final judgment. In the order, Respondent rendered judgment that all relief requested by Emerson be denied and that Emerson take nothing on his claims against the RPIs. The judgment states, "This Judgment finally disposes of all parties and all claims before this Court and is appealable." Accordingly, a final judgment has

---

[3] A defendant may, on or before the 90th day after the date he files the original answer or makes a special appearance, move the court for an order: (1) determining that the plaintiff is a vexatious litigant; and (2) requiring the plaintiff to furnish security. *See* TEX. CIV. PRAC. REM. CODE ANN. § 11.051 (West 2017). On the filing of a motion under Section 11.051, the litigation is stayed and the moving defendant is not required to plead: (1) if the motion is denied, before the 10th day after the date it is denied; or (2) if the motion is granted, before the 10th day after the date the moving defendant receives written notice that the plaintiff has furnished the required security. *See Id*. § 11.052(a) (West 2017). It is axiomatic that once the RPIs moved to withdraw their motion, Respondent was not required to rule on the merits of the vexatious litigant motion. Moreover, the summary judgment was only granted after Respondent signed the order withdrawing the vexatious litigant motion.

been signed in trial court cause number 2012-626A[4] and Emerson could have filed a notice of appeal to challenge the summary judgment order.[5]

Mandamus is an extraordinary remedy that is available only in limited circumstances. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). A final, appealable judgment is one that actually disposes of all claims and parties then before the court. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Respondent's order granting summary judgment does just that. And mandamus relief is not to be used as a substitute for appeal. *See In re Devon Energy Prod. Co., L.P.*, 321 S.W.3d 778, 784 (Tex. App.—Tyler 2010, orig. proceeding). Mandamus relief has occasionally been granted after final judgment, but in unusual circumstances. *In re Energy Transfer Fuel, L.P.*, 298 S.W.3d 348, 352 (Tex. App.—Tyler 2009, orig. proceeding); *see Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex. 1994) (mandamus appropriate because of "unique and compelling circumstances" involving conflicting child custody orders despite the entry of a final order); *see also In re Home State Cty. Mut. Ins. Co.*, No. 12-07-00062-CV, 2007 WL 1429584, at *3-4 (Tex. App.—Tyler May 16, 2007, orig. proceeding) (mem. op.) (mandamus requiring trial court to vacate severance order rendered final judgment interlocutory). This case presents no similar unusual or compelling facts.

Nor does this proceeding qualify as the type of exceptional case that warrants mandamus review. Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004). Whether the final summary

---

[4] There is yet another lawsuit pending in trial court cause number 2012-626, which involves other parties that are not subject to this proceeding. Emerson's lawsuit against the RPIs was severed from that proceeding and assigned cause number 2012-626A.

[5] A party may not attack a trial court's ruling by seeking a writ of mandamus, even if the appellate remedy is no longer available. *In re Sims*, No. 12–15–00190–CV, 2016 WL 4379490, at *1 (Tex. App.–Tyler Aug. 17, 2016, orig. proceeding) (mem. op.); *In re Bernson*, 254 S.W.3d 594, 596 (Tex. App.–Amarillo 2008, orig. proceeding); *see In re Hart*, 351 S.W.3d 71, 77 (Tex. App.–Texarkana 2011, orig. proceeding) (because relator did not "avail himself of the procedures available to file a notice of appeal, he lost the opportunity to file a direct appeal even though that avenue was available to him ... [m]andamus is not available if another remedy, though it would have been adequate, was not timely exercised[ ]"); *see also In re Pannell*, 283 S.W.3d 31, 35 (Tex. App.–Fort Worth 2009, orig. proceeding) ("A party's failure to comport with these rules which would have given him the time to file his notice of appeal is not a sufficient excuse to justify issuance of mandamus[ ]").

judgment was improperly granted, no matter the reason, is an error that could be cured without mandamus review and there is no indication that any such error could not be made part of the appellate record. *See In re East Tex. Med. Ctr.*, No. 12-17-00183-CV, 2017 WL 4675511, at *2 (Tex. App.—Tyler Oct. 18, 2017, orig. proceeding) (mem. op.). Nor does the record suggest that mandamus review is essential to give needed and helpful direction that would otherwise prove elusive in an appeal from the order granting summary judgment. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. Because a final judgment has been signed, the lack of mandamus review will not result in an irreversible waste of resources. *See id.* at 137; *see also In re Empower Texans, Inc.*, No. 03-18-00220-CV, 2018 WL 1802515, at *3 (Tex. App.—Austin Apr. 17, 2018, orig. proceeding) (mem. op.) (recognizing that the "most frequent use of mandamus relief by the supreme court involves cases in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved"); *East Tex. Med. Ctr.*, 2017 WL 4675511, at *2. Accordingly, we conclude that Emerson failed to establish an entitlement to mandamus relief.

## DISPOSITION

Because Emerson cannot demonstrate the lack of an adequate remedy by appeal, we ***deny*** the petition for writ of mandamus.

**GREG NEELEY**
Justice

Opinion delivered October 17, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 17, 2019**

**NO. 12-19-00316-CV**

**PHILIP J. EMERSON, JR.,**
Relator
V.

**HON. JEFF FLETCHER,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Philip J. Emerson, Jr.; who is the relator in appellate cause number 12-19-00316-CV and the plaintiff in trial court cause number 2012-626A, pending on the docket of the 402nd Judicial District Court of Wood County, Texas. Said petition for writ of mandamus having been filed herein on September 18, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*