# NO. 12-21-00076-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *WILLIAM A. RUNNELS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

William A. Runnels, acting pro se, filed this original proceeding to seek a writ vacating orders of child support and contempt.[1] The record indicates that Judge Tim Womack signed an order in suit to modify parent-child relationship and adjudication of parentage on November 3, 2016.[2] He signed a nunc pro tunc order on January 17, 2017 and signed temporary orders modifying child support on February 6. The case was subsequently transferred to Judge Alfonso Charles's court after Runnels filed a motion to recuse Judge Womack. Judge Charles signed an order of contempt for failure to pay child support and violation of possession order on April 4, 2018.

Runnels correctly argues that there is no fixed deadline for seeking mandamus relief. *See CMH Homes v. Perez*, 340 S.W.3d 444, 453 (Tex. 2011). However, mandamus is an extraordinary remedy and not an absolute right. *See **Rivercenter Assocs. v. Rivera**,* 858 S.W.2d 366, 367 (Tex. 1993). "Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles." ***Id***. "One such principle is that 'equity aids the diligent and not those who slumber on their rights.'" ***Id***. (quoting ***Callahan v. Giles***, 137 Tex. 571, 576, 155

---

[1] Respondents are the Honorable Tim Womack, Judge of the 307th District Court in Gregg County, Texas and the Honorable Alfonso Charles, Judge of the 124th District Court in Gregg County, Texas. Domanita Craddock-Neal is the Real Party in Interest.

[2] The Sixth Court of Appeals affirmed this order. *See **In re N.V.R.**,* No. 06-17-00023-CV, 2017 WL 3751525 (Tex. App.—Texarkana Aug. 31, 2017, no pet.) (mem. op.).

S.W.2d 793, 795 (1941)). The Texas Supreme Court very recently recognized that when the record fails to show that the relator acted diligently to protect his rights, relief by mandamus is not available. *In re Hotze*, No. 20-0739, 2020 WL 5919726, at *3 (Tex. Oct. 7, 2020).

Runnels filed this original proceeding on May 13, 2021, several years after the orders of which he complains were signed. Assuming these orders are reviewable by mandamus, Runnels offers no explanation for the delay in seeking mandamus relief and this Court cannot contemplate a rational reason for waiting years to challenge the orders.[3] Because Runnels failed to act diligently with respect to any entitlement to mandamus relief that he may have regarding the complained of orders, we ***deny*** mandamus relief.[4] *See **Rivera**,* 858 S.W.2d at 367 (Rivercenter waited over four months to seek mandamus relief); *see also **In re Webber, L.L.C.**,* No. 05-20-00564-CV, 2020 WL 3496279, at *1 (Tex. App.—Dallas June 29, 2020, orig. proceeding) (mem. op.) ("unexplained delay of four months or more can constitute laches and result in denial of mandamus relief"); ***In re Templeton Southwest Ins. Agency, Inc.**,* No. 08-03-00295-CV, 2003 WL 21716579, at *2 (Tex. App.—El Paso July 25, 2003, orig. proceeding) (mem. op.) (denying mandamus relief, noting that petition did not reflect why relator delayed almost two years before seeking mandamus relief).

Opinion delivered May 28, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[3] For instance, habeas corpus is available to review a contempt order entered by a lower court confining a contemnor. ***Ex parte Gordon**,* 584 S.W.2d 686, 687–88 (Tex. 1979) (orig. proceeding). Moreover, mandamus relief is not to be used as a substitute for appeal. *See **In re Devon Energy Prod. Co., L.P.**,* 321 S.W.3d 778, 784 (Tex. App.—Tyler 2010, orig. proceeding). Nor may a party attack a trial court's ruling by seeking a writ of mandamus, even if the appellate remedy is no longer available. ***In re Sims**,* No. 12–15–00190–CV, 2016 WL 4379490, at *1 (Tex. App.–Tyler Aug. 17, 2016, orig. proceeding) (mem. op.); ***In re Bernson**,* 254 S.W.3d 594, 596 (Tex. App.–Amarillo 2008, orig. proceeding); *see **In re Hart**,* 351 S.W.3d 71, 77 (Tex. App.–Texarkana 2011, orig. proceeding); *see also **In re Pannell**,* 283 S.W.3d 31, 35 (Tex. App.–Fort Worth 2009, orig. proceeding).

[4] Runnels has appeared before this Court on previous occasions. *See **Interest of N.V.R.**,* No. 12-19-00290-CV, 2019 WL 4727822 (Tex. App.—Tyler Sept. 27, 2019, no pet.) (mem. op.) (per curiam) (dismissing for want of jurisdiction appeal from denial of motion to recuse); ***Ex parte Runnels**,* No. 12-19-00202-CV, 2019 WL 2573941 (Tex. App.—Tyler June 19, 2019, orig. proceeding) (mem. op.) (denying habeas relief and concluding contempt order was not abuse of discretion); ***In re N.V.R.**,* No. 12-18-00146-CV, 2019 WL 1416670 (Tex. App.—Tyler Mar. 29, 2019, no pet.) (mem. op.) (affirming order finding Runnels in arrears on child support); ***In re Runnels**,* No. 12-19-00105-CV, 2019 WL 1416634 (Tex. App.—Tyler Mar. 29, 2019, orig. proceeding) (mem. op.) (denying mandamus relief regarding complaint against court reporter); ***Runnels v. Neal**,* No. 12-18-00146-CV, 2018 WL 3569682 (Tex. App.—Tyler July 25, 2018, no pet.) (mem. op.) (dismissing for want of jurisdiction appeal from contempt order).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 28, 2021**

**NO. 12-21-00076-CV**

**WILLIAM A. RUNNELS,**
Relator
V.

**HON. TIM WOMACK,**
**HON. ALFONSO CHARLES,**
Respondents

---

**ORIGINAL PROCEEDING**

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by William A. Runnels; who is the relator in appellate cause number 12-21-00076-CV and a party in trial court cause number 2007-2400-B, formerly pending in the 124th Judicial District Court of Gregg County, Texas. Said petition for writ of mandamus having been filed herein on May 13, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*