# NO. 12-21-00191-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *RICHARD KIRBY AND JULIE KIRBY,* | § | *ORIGINAL PROCEEDING* |
| *RELATORS* | § | |

## MEMORANDUM OPINION
### PER CURIAM

Richard and Julie Kirby, acting pro se, filed this original proceeding to challenge Respondent's refusal to rule on their plea to the jurisdiction.[1] Relators ask this Court to reverse all proceedings, including a writ of possession. We deny the writ.

## BACKGROUND

On May 13, 2021, Richard Kirby filed a petition for relief pursuant to Title 8, Chapter 92 of the Texas Property Code (governing residential tenancies), in the 241st District Court of Smith County, Texas.[2] Kirby alleged that he and Real Party in Interest Benny Fletcher entered a lease purchase contract for certain property. According to Kirby's petition, the property was scheduled to close on June 2, but the property was still under contractual obligations because of an unsettled boundary dispute. He alleged that he notified Fletcher of conditions in the house on the property, such as "buckling and spongy floors," but Fletcher made no attempt to make

---

[1] Respondent is the Honorable Jason A. Ellis, Judge of the Smith County Court at Law.

[2] We take judicial notice of records filed in Relators' other proceedings before this Court. *See Kirby v. Fletcher*, No. 12-21-00160-CV, 2021 WL 5118410 (Tex. App.—Tyler Nov. 3, 2021, no pet. h.) (mem. op.) (per curiam); *see also Kirby v. Fletcher*, No. 12-21-00146-CV, 2021 WL 4313862 (Tex. App.—Tyler Sept. 22, 2021, no pet.) (mem. op.) (per curiam); *In re Innovation Res. Sol., LLC*, No. 12-15-00254-CV, 2016 WL 1254058, at *3 (Tex. App.—Tyler Mar. 31, 2016, orig. proceeding) (mem. op.) (taking judicial notice of hearing transcript filed in prior, related mandamus proceeding); *Humphries v. Humphries*, 349 S.W.3d 817, 820, n.1 (Tex. App.—Tyler 2011, pet. denied) (appellate court may take judicial notice of its own records in same or related proceeding involving same or nearly same parties).

repairs. Kirby maintained that Fletcher subsequently returned the April-May lease payment, demanded that Kirby vacate the premises, and failed to respond to Kirby's negotiation attempts. The Smith County website indicates that the District Court case remains pending.

On May 17, Fletcher filed a petition for eviction against Relators with the Smith County Justice Court, Precinct 5. The Justice Court signed a judgment in favor of Fletcher on June 2, and denied Relators' motion to reconsider on June 4. Relators appealed to a higher court and, on July 28, they filed a brief in Respondent's court, in which they argued that the Justice Court lacked jurisdiction to entertain the eviction petition when Relators' petition for relief was pending in the District Court. On August 12, Respondent heard Relators' jurisdictional challenge. Relators filed a second jurisdictional challenge on August 16. On August 24, Respondent signed an order denying Relators' "plea to the jurisdiction." Respondent signed a final judgment in favor of Fletcher on August 27 and ordered Relators to surrender possession of the premises.[3] On September 27, Respondent issued an order finding that it retained jurisdiction to order the issuance of a writ of possession and ordered the clerk of the court to issue a writ in accordance with the final judgment.[4] Relators filed this original proceeding on October 20.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both of these prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

---

[3] Relators attempted to appeal from the judgment, but this Court dismissed the appeal for failure to comply with Section 51.017(a) of the Texas Civil Practice and Remedied Code. *See Kirby*, 2021 WL 4313862. Relators gave notice that they intend to file a petition for review with the Texas Supreme Court.

[4] Relators attempted to appeal from the September 27 order, but this Court dismissed the appeal for want of jurisdiction. *See Kirby*, 2021 WL 5118410.

Relators argue that Respondent abused his discretion by refusing to rule on their plea to the jurisdiction when he "had a reasonable time to decide the purely legal jurisdictional issues raised in the motion." According to Relators, the Justice Court lacked jurisdiction to entertain Fletcher's eviction petition because Relators' District Court case was filed first and involved the same parties, Sections 92.006, 92.052, and 92.331 of the property code prevent the Justice Court and County Court at Law from exercising jurisdiction when Fletcher had been served with a notice of repairs, and the Justice Court and County Court at Law cannot exercise jurisdiction when the property was under contract between the parties.[5] Thus, Relators maintain that Respondent should be compelled to rule on their pending plea to the jurisdiction.

In their opening brief to Respondent, Relators raised a jurisdictional question as to whether the Justice Court had jurisdiction to entertain the eviction action when Relators' petition for relief was already pending in the District Court. This challenge was heard on August 12 and denied on August 24. Thus, it has been ruled on. In their "second jurisdictional challenge," Relators alleged that Fletcher violated Section 92.331 of the property code. *See* TEX. PROP. CODE ANN. § 92.331 (West 2014) (retaliation by landlord). This challenge was filed after the August 12 hearing but before Respondent's August 24 order denying Relators' plea to the jurisdiction. The order states that Relators' plea to the jurisdiction came to be heard on August 12 and refers to the plea in the singular rather than plural; thus, we presume the order does not also cover the second jurisdictional challenge.

Nevertheless, Respondent signed a final judgment on August 27. Respondent implicitly denied Relators' plea to the jurisdiction when he signed a final judgment; thus, Relators could challenge the implicit denial on appeal from the final judgment. *See **In re Etier***, No. 05-19-00678-CV, 2019 WL 2498670, at \*1 (Tex. App.—Dallas June 17, 2019, orig. proceeding) (mem. op.) (denying mandamus petition; "trial court implicitly denied any outstanding motions, including relator's plea to the jurisdiction, when it rendered its final judgment"); *see also **Orca Assets, G.P., LLC v. Burlington Res. Oil & Gas. Co., L.P.***, 464 S.W.3d 403, 406 n.4 (Tex. App.—Corpus Christi 2015, pet. denied) (trial court implicitly denied summary judgment motions on counterclaims when it ordered in final judgment that Orca take nothing); ***In re***

---

[5] *See* TEX. PROP. CODE ANN. §§ 92.006 (residential tenancies; waiver or expansion of duties and remedies); 92.052 (landlord's duty to repair or remedy); 92.331 (retaliation by landlord) (West 2014).

*Bradberry*, No. 12-12-00121-CV, 2012 WL 3201927, at *2 (Tex. App.—Tyler Aug. 8, 2012, orig. proceeding) (mem. op.) (denying mandamus petition; trial court's signing of final judgment constituted implicit denial of pending pretrial motions and implicit denial could be appealed in appeal from final judgment). Although Relators appealed from the judgment, this Court dismissed the appeal for failure to comply with Section 51.017(a) of the Texas Civil Practice and Remedies Code. *Kirby v. Fletcher*, No. 12-21-00146-CV, 2021 WL 4313862 (Tex. App.—Tyler Sept. 22, 2021, no pet.) (mem. op.) (per curiam). When the record fails to show that relators acted diligently to protect their rights, relief by mandamus is not available. *In re Hotze*, 627 S.W.3d 642, 646 (Tex. 2020) (orig. proceeding). Here, Relators filed a timely notice of appeal from the final judgment but failed to correct the errors in the notice of appeal as identified by this Court, even after notice and time to correct the defects, resulting in dismissal of their appeal. *See Kirby*, 2021 WL 4313862, at *1. Thus, Relators did not diligently act to protect their rights and cannot use mandamus as a substitute for appeal, even if the appellate remedy is no longer available. *See In re Sims*, No. 12–15–00190–CV, 2016 WL 4379490, at *1 (Tex. App.–Tyler Aug. 17, 2016, orig. proceeding) (mem. op.); *see also In re Devon Energy Prod. Co., L.P.*, 321 S.W.3d 778, 784 (Tex. App.—Tyler 2010, orig. proceeding). Under these circumstances, Relators are not entitled to mandamus relief.[6]

### DISPOSITION

Having determined that mandamus relief is not available in this case, we **deny** the petition for writ of mandamus.

Opinion delivered November 23, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[6] Mandamus relief has occasionally been granted after final judgment, but in unusual circumstances. *In re Energy Transfer Fuel, L.P.*, 298 S.W.3d 348, 352 (Tex. App.—Tyler 2009, orig. proceeding). Relators' characterization of their second challenge as jurisdictional does not make it so. Section 92.331 prohibits a landlord from retaliating against a tenant. *See* TEX. PROP. CODE ANN. § 92.331. Section 92.331 provides in pertinent part that a landlord may not, within six months after the date of the tenant's action, i.e., giving notice to repair, retaliate against the tenant by filing an eviction proceeding. *See id.* § 92.331(a)(2), (b)(1). But we do not read this section as depriving the lower courts of jurisdiction. Retaliation is a defense to an eviction suit. *See id.* § 92.335 (West 2014). Thus, we conclude that this case presents no unusual or compelling facts sufficient to justify mandamus relief.

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 23, 2021**

**NO. 12-21-00191-CV**

**RICHARD KIRBY AND JULIE KIRBY,**
Relators
V.

**HON. JASON A. ELLIS,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Richard Kirby and Julie Kirby; who are the relators in appellate cause number 12-21-00191-CV and the defendants in trial court cause number 73211, on the docket of the County Court at Law of Smith County, Texas. Said petition for writ of mandamus having been filed herein on October 20, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*