# NO. 12-24-00033-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *BARNEY DONALSON, JR., D/B/A GOD'S PROPERTY MINISTRIES,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
## PER CURIAM

Barney Donalson, Jr., d/b/a God's Property Ministries, acting pro se, filed this original proceeding in which he raises four issues: (1) whether a permanent injunction and final judgment, entered pursuant to a settlement agreement with a party, is valid and enforceable on a subsequent non-party property owner; (2) whether a city is exempt from having to post an injunction bond; (3) whether a district court judge abuses his discretion by refusing to set hearings or otherwise consider a bill of review, and (4) whether a district court abuses his discretion by refusing to "consider setting aside a permanent injunction closing a house of worship, when such prospective relief is now specifically prohibited not only by statutory law but also by a voter approved constitutional amendment."[1]

According to the record, Respondent signed a stipulated permanent injunction and final judgment on July 6, 2020, in trial court cause number 19-00185. Relator subsequently filed a new lawsuit in Harris County, Texas, trial court cause number 2022-11623. That court signed an order granting a preliminary injunction on August 28, 2023, which Real Parties in Interest, the

---

[1] Respondent is the Honorable Chris B. Martin, Judge of the 294th District Court in Van Zandt County, Texas.

City of Canton and City Attorney David Ritter, contend conflicts with the judgment in the Van Zandt County case. RPIs filed a petition in intervention in the Harris County case, along with a motion to transfer the case to Van Zandt County. The motion to transfer was granted and the case was transferred to Van Zandt County. Relator filed this original proceeding on March 1.

Relator has filed a motion to dismiss this proceeding on grounds that Respondent scheduled a hearing for May 29 to consider the matters raised by God's Property Ministries. The order setting hearing identifies the subject of the hearing as indigency hearing/standing. Relator provides this Court with emails reflecting that he contacted the court coordinator to express his understanding that all pending motions would be considered. On March 28, the court coordinator responded that Relator did request that his motions be set at the indigency hearing and was supposed to be submitting a notice setting. On April 3, the court coordinator informed Relator that Respondent stated that the hearing was an "indigency hearing… and on standing only by submission." RPIs filed a response to Relator's motion to dismiss, urging denial of Relator's motion. RPIs maintain that this Court should consider Relator's petition because: (1) the scheduled hearing is not intended to address all of Relator's issues, and (2) Relator presented no matters to Respondent which have been "rejected by the trial court that present an issue subject to mandamus action." Because Relator's motion to dismiss is opposed and because grounds exist for denying mandamus relief, we overrule the motion to dismiss.

In his mandamus petition, Relator complains that (1) the permanent injunction is void because the City was not required to file a bond, (2) Ritter concealed a deed granting Relator an interest in the subject property, concealed a mortgage lien on the property, filed a deed conveying the property but the grantee refused the deed, and failed to disclose that everyone did not agree to the proposed settlement agreement, (3) Respondent exceeded his jurisdiction by granting the permanent injunction, and (4) the injunction violates the First and Fourth Amendments, the Religious Land Use and Institutionalized Persons Act, the Texas Constitution, and Texas statutes. He seeks a writ of mandamus instructing Respondent to alter or amend the injunction to set a bond, vacate relief that exceeds Respondent's jurisdiction, remove restrictions that prevent him from accessing the subject property, and hold a bill of review hearing.

For two reasons, we conclude that Relator is not entitled to mandamus relief. First,

2

Relator's issues collaterally attack the permanent injunction and final judgment.[2]  A permanent injunction that disposes of all issues and parties is a final, appealable judgment.  *In re Petrobras Am., Inc.*, No. 14-18-00801-CV, 2018 WL 4700043, at \*2 (Tex. App.—Houston [14th Dist.] Sept. 25, 2018, orig. proceeding) (per curiam) (mem. op.) (denying petition for writ of mandamus seeking vacatur of an amended arbitration injunction, which served as appealable final judgment).  And mandamus may not be used as a substitute for appeal, even if the appellate remedy is no longer available.[3]  *See In re Sims*, No. 12–15–00190–CV, 2016 WL 4379490, at \*1 (Tex. App.–Tyler Aug. 17, 2016, orig. proceeding) (mem. op.); *see also In re Devon Energy Prod. Co., L.P.*, 321 S.W.3d 778, 784 (Tex. App.—Tyler 2010, orig. proceeding).  Second, the record does not indicate that Relator first presented his issues to Respondent before seeking mandamus relief.  Equity is not generally "served by issuing an extraordinary writ against a trial court judge on a ground that was never presented in the trial court and that the trial judge thus had no opportunity to address."  *In re Le*, 335 S.W.3d 808, 814 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding); *see In re Emerson*, No. 12-19-00049-CV, 2019 WL 1141767, at \*4 (Tex. App.—Tyler Mar. 12, 2019, orig. proceeding) (mem. op.).  "Mandamus relief generally requires a predicate request for an action and a refusal of that request."  *Le*, 335 S.W.3d at 814; *see Emerson*, 2019 WL 1141767, at \*4.  Accordingly, for these reasons, we *deny* Relator's petition for writ of mandamus.  We further *deny* Relator's motion for sanctions.  We overrule all pending motions as moot.

Opinion delivered April 10, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] To the extent Relator's contention that the permanent injunction is void for lack of a bond may be reviewable, Texas Rule of Civil Procedure 684's bond requirement does not apply to permanent injunctions.  *See Torres v. Unauthorized Practice of Law Comm. For Supreme Court of Tex.*, No. 05-21-00651-CV, 2022 WL 4115487, at \*6 (Tex. App.—Dallas Sept. 9, 2022, no pet.) (mem. op.).  Bond is not required for a permanent injunction.  *Ridgepoint Rentals, LLC v. McGrath*, Nos. 09-16-00393-CV, 09-17-00006-CV, 2017 WL 6062290, at \*10 n.8 (Tex. App.—Beaumont Dec. 7, 2017, pet. denied) (mem. op.).

[3] We also note that Relator previously attempted to appeal from the temporary injunction in trial court cause number 19-00185.  *See Donalson v. City of Canton*, No. 12-20-00164-CV, 2020 WL 6164470 (Tex. App.—Tyler Oct. 21, 2020, no pet.) (per curiam) (mem. op.).  We dismissed the appeal as moot because (1) the trial court had already entered a permanent injunction, and (2) the City filed a nonsuit as to Relator; thus, there was no longer a case or controversy between Relator and the City.  *Id.* at \*2.  Accordingly, a question exists as to whether Relator even possesses standing to challenge the permanent injunction.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 10, 2024**

**NO. 12-24-00033-CV**

**BARNEY DONALSON, JR., D/B/A GOD'S PROPERTY MINISTRIES,**
Relator
V.

**HON. JUDGE CHRIS B. MARTIN,**
Respondent

---

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Barney Donalson, Jr., d/b/a God's Property Ministries; who is the relator in appellate cause number 12-24-00033-CV and a party to trial court cause number Cause No. 19-00185, in the 294th Judicial District Court of Van Zandt County, Texas. Said petition for writ of mandamus having been filed herein on March 1, 2024, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*